1  **Brian H. Gunn (SBN 192594)**
   *bhgunn@wolfewyman.com*
2  **Joshua M. Bryan (SBN 225230)**
   *jmbryan@wolfewyman.com*
3  **WOLFE & WYMAN LLP**
   **980 9th Street, Suite 2350**
4  **Sacramento, CA 95814-2716**
   **Telephone:  (916) 912-4700**
5  **Facsimile:  (916) 329-8905**

6  **Attorneys for Defendant**
   **THE BANK OF NEW YORK TRUST COMPANY**
7  **N/A F/K/A THE BANK OF NEW YORK TRUST**
   **COMPANY NA AS SUCCESSOR IN INTEREST TO**
8  **JP MORGAN CHASE BANK NA AS TRUSTEE FOR**
   **MASTR ADJUSTABLE RATE MORTGAGES TRUST**
9  **2005-I, MORTGAGE PASS-THROUGH CERTIFICATE**
   **SERIES 2005-I and WELLS FARGO BANK, N.A.**

10

11                    **UNITED STATES DISTRICT COURT**

12            **STATE OF CALIFORNIA EASTERN DISTRICT**

13 | LAWRENCE P. MONTEFORTE, MICHELLE R.      | Case No.:
   | MONTEFORTE, EN K CU AND SEN VAN
14 | NGUYEN,

15 |            Plaintiffs,                    | **NOTICE OF REMOVAL**

16 | v.

17 | THE BANK OF NEW YORK MELLON TRUST        | Action Filed:  October 8, 2015
   | COMPANY NA F/K/A/ THE BANK OF NEW
18 | YORK TRUST COMPANY NA AS SUCCESSOR
   | IN INTEREST TO JP MORGAN CHASE BANK
19 | NA AS TRUSTEE FOR MASTR ADJUSTABLE
   | RATE MORTGAGES TRUST 2005-I,
20 | MORTGAGE PASS-THROUGH CERTIFICATES
   | SERIES 20051; CLEAR RECON CORP; WELLS
21 | FARGO, N.A.; WELLS FARGO BANK, N.A.;
   | AND DOES 1-100, INCLUSIVE,
22
   |            Defendants.
23

24

25 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

26 |     **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441, Defendants

27 | THE BANK OF NEW YORK TRUST COMPANY N/A F/K/A THE BANK OF NEW YORK

28 | TRUST COMPANY NA AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK NA

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

1  AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST 2005-I, MORTGAGE
2  PASS-THROUGH CERTIFICATE SERIES 2005-I ("BNYM") and WELLS FARGO BANK, N.A.
3  ("Wells") ("Defendants") hereby remove to this Court the state court action described below.

4  1.     On October 8, 2016, an action was commenced in the Superior Court of the State of
5  California, in and for the County of San Joaquin, entitled <u>Monteforte, et al. v. The Bank of New</u>
6  <u>York Mellon, et al.</u>, as Case No. 39-2015-00330667-CU-OR-STK ("State Action"). A true and
7  correct copy of the complaint by which this action was commenced ("Complaint") is attached hereto
8  as **Exhibit A**.

9  2.     Defendants received the Summons and Complaint on June 20, 2016. This notice of
10 removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty days after
11 Defendants' receipt of a copy of the Complaint, which is the initial pleading setting forth the claims
12 for relief upon which this action is based, as calculated under Federal Rule of Civil Procedure, Rule
13 6. (See **Exhibit B**, Summons and Proof of service of Summons.)

14 3.     This action is a civil action of which this Court has original jurisdiction under
15 28 U.S.C. Section 1332 and is one which may be removed to this Court by Defendant pursuant to the
16 provisions of 28 U.S.C. Section 1441(b) based upon the diversity of the citizenship of the parties.

17 4.     Pursuant to 28 U.S.C. Section 1332, complete diversity of citizenship exists in that:

18        (a)     Plaintiffs are citizens of California.

19        (b)     Defendant BNYM's principal place of business is in the State of New York
20 while Defendant Wells' principal place of business is in the State of South Dakota. Thus, Defendants
21 are not citizens of the State of California. (28 U.S.C. § 1348;

22        Furthermore, based on the allegations of the Complaint, Clear Recon is named in this action
23 solely in its capacity as the trustee on a Deed of Trust and not because of any alleged wrongdoing,
24 and on that basis it is a nominal defendant. (*Hafiz v. Greenpoint Mortgage Funding, Inc.*, supra, 652
25 F.Supp.2d 1050 (N.D. Cal. 2009). As such, the citizenship of Clear Recon is irrelevant to this
26 removal and there is no need for it to consent to or join in the removal. (*United Computer Systems,*
27 *Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).) However, Defendants reserve the right to
28 obtain consent of Clear Recon at a later date as authorized by law. (See *Destfino v. Reiswig*, 630

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

2

2487113.1

**1** F.3d 952, 956 (9th Cir. 2011).)

**2**         (c)    Pursuant to 28 U.S.C. Section 1332(a), the amount in controversy exceeds the
**3** minimum of $75,000.00. Plaintiffs' Complaint prays for damages, punitive damages, attorneys' fees
**4** and costs and claims that the foreclosure of a Deed of Trust securing a loan in the original amount of
**5** $125,000 against the Subject Property should be permanently enjoined. **(See Exhibit C, at Deed of**
**6** **Trust, and Exhibit A, Complaint (prayer for relief.)**

**7**       5.    The United States District Court for the Eastern District of California has jurisdiction
**8** in this civil action because the Superior Court of California, in and for the County of San Joaquin is
**9** located within the Eastern District of California. (*See* 28 U.S.C. § 84(a).) Thus, venue is proper in
**10** this Court because it is the "district and division embracing the place where such action is pending."
**11** (28 U.S.C. § 1441(a).)

**12**       6.    Pursuant to 28 U.S.C. Section 1446(a), removing Defendants filed this Notice of
**13** Removal in the District Court of the United States for the District and Division within which the
**14** State Action is pending.

**15**       8.    Pursuant to 28 U.S.C. Section 1446(a), the only available documents, known to
**16** Defendants to have been filed in the State Action are the Complaint (**Exhibit A**, above) and (**Exhibit**
**17** **B**).

**18**       9.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of the
**19** Notice of removal to Plaintiffs and will file a copy of the notice with the clerk of the Superior Court
**20** of California, County of San Joaquin.

**21**      10.    Defendants reserve the right to supplement this Notice of Removal when additional
**22** information becomes available. Defendants further reserve all rights, including, but not limited to,
**23** defenses and objections as to venue, personal jurisdiction, and service. The filing of this Notice of
**24** Removal is subject to, and without waiver of, any such defense or objection.

**25** ///
**26** ///
**27** ///
**28** ///

2487113.1

1      WHEREFORE, Defendants hereby remove Superior Court of the State of California, County

2 of San Joaquin Case No. Case No. 39-2015-00330667-CU-OR-STK to the United States District

3 Court for the Eastern District of California.

4 DATED: July 20, 2016                  WOLFE & WYMAN LLP

5

6                                      By: *//s//JOSHUA M. BRYAN*

7                                          BRIAN H. GUNN
                                         JOSHUA M. BRYAN

8                                      Attorneys for Defendants
                                     **THE BANK OF NEW YORK TRUST COMPANY**

9                                      **N/A F/K/A THE BANK OF NEW YORK TRUST**
                                     **COMPANY NA AS SUCCESSOR IN INTEREST**

10                                      **TO JP MORGAN CHASE BANK NA AS**
                                     **TRUSTEE FOR MASTR ADJUSTABLE RATE**



11                                      **MORTGAGES TRUST 2005-I, MORTGAGE**
                                     **PASS-THROUGH CERTIFICATE SERIES 2005-I**

12                                      **and WELLS FARGO BANK, N.A**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT A

Michael Yesk (SB#130056)
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
925-849-5525
yesklaw@gmail.com
Attorneys for Plaintiffs

FILED

15  OCT -8  AM 10: 49

ROSA JUNGUEIRO, CLERK
Stephanie Cap

BY_____
DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN JOAQUIN

| | |
|---|---|
| LAWRENCE P. MONTEFORTE, MICHELLE R. MONTEFORTE, EN K CU AND SEN VAN NGUYEN, | CASE NO: 39-2015-00330667-CU-OR-STK |
| Plaintiffs, | **COMPLAINT FOR:** |
| V. | 1. WRONGFUL FORECLOSURE<br>2. BREACH OF EXPRESS AGREEMENT<br>3. BREACH OF IMPLIED AGREEMENT<br>4. SLANDER OF TITLE |
| THE BANK OF NEW YORK MELLON TRUST COMPANY NA F/K/A THE BANK OF NEW YORK TRUST COMPANY NA AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK NA AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST 2005-1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-1; CLEAR RECON CORP., WELLS FARGO BANK, N.A.; AND DOES 1-100, INCLUSIVE | 5. VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5; AND<br>6. INJUNCTIVE RELIEF<br><br>**JURY TRIAL DEMANDED.** |
| Defendants. | |

COMES NOW the Plaintiffs, LAWRENCE P. MONTEFORTE, MICHELLE R.

MONTEFORTE, EN K CU and SEN VAN NGUYEN, complaining against the Defendants, and

each of them as follows:

## INTRODUCTION

1.     This is an action brought by Plaintiffs LAWRENCE P. MONTEFORTE,

MICHELLE R. MONTEFORTE, EN K CU and SEN VAN NGUYEN (hereinafter collectively

"Plaintiffs") for Wrongful Foreclosure, Breach of Express Agreement, Breach of Implied

PLAINTIFFS' COMPLAINT - 1

1    Agreement, Slander of Title, Violation of California Civil Code § 2923.5 ("Section 2923.5"), and
2    injunctive relief. Plaintiffs seek actual and punitive damages along with declaratory and
3    injunctive relief.

4       2.      Plaintiffs own a property located at 1119 Green Ridge Drive, Stockton, CA
5    95209, APN.: 070-350-32 ("Subject Property"), secured by a Deed of Trust that was recorded in
6    San Joaquin County, California, on October 26, 2004 as Document No. 2004-248545, and by a
7    Promissory Note ("Note"). The subject Deed of Trust was purportedly modified by Loan
8    Modification recorded as Instrument 2011-077546 and recorded on 06/29/2011.

9       3.      Plaintiffs allege, among other things, that Defendants were not entities authorized
10   to initiate foreclosure proceedings against the Subject Property because they were not the true
11   holders of beneficial interest in the Deed of Trust and failed to perfect any claim of title or
12   security interest in the Subject Property.

13      4.      Plaintiffs allege that an actual controversy has arisen and now exists between
14   Plaintiffs and Defendants, and each of them.

15      5.      Plaintiffs request a judicial determination and declaration of their rights with
16   respect to the Subject Property and its underlying Note and Deed of Trust.

17      6.      Plaintiffs also seek redress from Defendants and ask this Court for a declaration
18   of interests and for cancellation of the mortgage instruments based on the following facts.

19                                    **PARTIES**

20      7.      Plaintiffs Sen Van Nguyen and En K Cu are the borrowers under a Deed of Trust
21   recorded in the official records of San Joaquin County, California, on October 26, 2004 as
22   Document No. 2004-248545 ("Deed of Trust"). A true and correct copy of this Deed of Trust is
23   attached to this Complaint as Exhibit A. *See* Exh. A.

24      8.      Plaintiffs Lawrence P. Monteforte and Michelle R. Monteforte are individuals
25   residing in San Joaquin County, California, and are successors-in-interest to a 95% interest in the
26   Subject Property. Plaintiffs Sen Van Nguyen and En K Cu retain a 5% interest in the Property.

1      9.     Plaintiffs allege on information and belief that Defendant WELLS FARGO, N.A.

2 ("Wells Fargo" or "Defendant") is a National Bank organized under the laws of the United States

3 with its principal office in Sioux Falls, South Dakota.

4      10.    Plaintiffs allege on information and belief that Defendant The Bank of New York

5 Mellon Trust Company NA F/K/A The Bank of New York Trust Company NA, is a National

6 Association doing business in San Joaquin County, California, and claims to be the Successor in

7 Interest to JPMorgan Chase Bank NA as Trustee for Mastr Adjustable Rate Mortgages Trust

8 2005-1, Mortgage Pass-Through Certificates Series 2005-1.

9      11.    Plaintiffs allege on information and belief that Defendant Clear Recon Corp. is a

10 California corporation doing business in San Joaquin County, California.

11              12. As an initial matter, "[i]n the Court's experience, trustees almost uniformly abuse

12                   non-monetary status, filing notices of non-monetary status even in cases where

13                   the trustee was clearly sued for its own alleged wrongful acts or omissions."

14                   Kendall v. Wells Fargo Bank, N.A., No. CV 12-7229 DSF (PJWx), 2012 WL

15                   10649162, *1 n. 1" ROBINSON V. CLEAR RECON CORP Case No. 2:15-cv-

16                   00242-ODW (C.D. Cal. Aug. 30, 2012). Cal. Civ. Code § 2924l. California

17                   procedure requires no actual showing that the filing party is nominal and only

18                   declares that the party has a "reasonable belief" that it "has been named in the

19                   action or proceeding solely in its capacity as trustee, and not arising out of any

20                   wrongful acts or omissions on its part in the performance of its duties as trustee."

21                   Segura v. Wells Fargo, N.A., No. CV-14-04195-MWF (AJWx), 2014 WL

22                   4798890, *3 (C.D. Cal. Sept. 26, 2014), quoting Cal. Civ. Code § 2924l(a).

23                   Because it is well established and recognized that federal court procedure is

24                   governed by federal law (see Erie R.R. Co., 304 U.S. 64 (1938)), this Court is not

25                   bound by the mechanism of a DNMS. See Segura, 2014 WL 4798890, at *3."

26

1    ROBINSON V. CLEAR RECON CORP Case No. 2:15-cv-00242-ODW (C.D.

2    Cal. Aug. 30, 2012)

3                    STATEMENT OF FACTS

4    13. On November 2, 2004, Plaintiffs Sen Van Nguyen and En Kim Cu recorded a

5        Deed of Trust in favor of NATIONAL CITY MORTGAGE CO as Document No.

6        2004-248545 ("Subject Property").

7    14. Shortly after October 2004, Plaintiffs allege on information and belief that

8        Defendant National City Mortgage Co attempted to sell Plaintiffs' Deed of Trust

9        to a mortgage-backed securitized trust. Plaintiffs' Loan Securitization Audit

10       ("Plaintiffs' Audit"), a true and correct copy of which is attached to this

11       Complaint as Exhibit B, indicates that Plaintiffs' Promissory Note ("Note") and

12       Deed of Trust were attempted to be sold to JP Morgan Chase Bank NA (The Bank

13       of New York Mellon, NA claims to be the successor in interest to The Bank of

14       New York, NA, which claims to be the successor in interest to JPMorgan Chase

15       Bank, NA) as Trustee of the MARM 2005-1 MASTER ADJUSTABLE RATE

16       MORTGAGES TRUST ("MARM 2005-1" or "Trust Pool"). *See* Exh. B, p. 6 p.

17       20.

18   15.    Plaintiffs' Note and Deed of Trust were purportedly securitized pursuant to the

19   Pooling and Servicing Agreement ("PSA") of the MARM 2005-1 Trust with The Bank of New

20   York, N.A. acting as Trustee of the Trust Pool. Plaintiffs allege that the MARM-1 Trust was

21   formed under the laws of the state of New York. *See* Exh. B, p. 20.

22   16.    Plaintiffs allege that Trust PSA requires the Depositor to deliver, among other

23   things, certain documents or instruments (a "Mortgage File") with respect to each Mortgage

24   Loan to the Trust Pool Trustee: (1) The Mortgage Note...showing a complete chain of

25   endorsements from the named payee to the Trustee"; (2) The original recorded Mortgage; and (3)

26   *an assignment to the Trustee in recordable form of the Mortgage* which may be included, where

1    permitted by local law, in a blanket assignment or assignments of the Mortgage to the Trustee,

2    including any intervening assignments and *showing a complete chain of title from the original*

3    *mortgagee named under the Mortgage to the Person assigning the Mortgage Loan to the*

4    *Trustee.* Exh. B, p. 22-25.

5      17.    Plaintiffs further allege that Section 2.02 of the Trust Pool PSA requires the

6    Trustee or Custodian to "review each Mortgage File within 90 days after execution and delivery

7    of this [PSA], to ascertain that all required documents have been executed, received and

8    recorded, if applicable, and that such documents relate to the Mortgage Loans." Exh. B, p. 22-25.

9    If any of the mortgage files are to be found defective in any respect, the Trustee must promptly

10    notify the Depositor. *See Id.*

11      18.    Plaintiffs allege that as a tax-exempt REMIC trust, all transfers of assets must

12    have been made to the Trust Pool within ninety (90) days of the Trust Pool startup date.

13      19.    Notwithstanding these express requirements under this provision of the Trust Pool

14    PSA, Plaintiffs allege that no Assignment of Deed of Trust occurred until May 22, 2014, *nearly*

15    *ten years after* the Trust Pool had closed. A true and correct copy of the Assignment of Deed of

16    Trust is attached to this Complaint as Exhibit C.

17      20.    On June 4, 2014, Defendant Clear Recon Corp., purporting to act as "original

18    trustee, the duly appointed substitute trustee, or acting as agent for the trustee or beneficiary

19    under the Deed of Trust," (presumably they had no idea what their actual relationship to the loan

20    was, nor do they take any steps to insure that they are, in fact, authorized to act on behalf of the

21    genuine beneficiary of the Deed of Trust) and proceeded to issue an invalid Notice of Default on

22    the Subject Property. Plaintiffs allege on information and belief that no valid substitution of

23    trustee had occurred at this point, granting Clear Recon Corp. the authority to record a Notice of

24    Default against Plaintiffs. A true and correct copy of the Notice of Default is attached to this

25    Complaint as Exhibit D.

26

PLAINTIFFS' COMPLAINT - 5

1  21. On September 15, 2014, Clear Recon Corp. issued a Notice of Trustee's Sale

2 against Plaintiffs.

3  22. Plaintiffs allege that these foreclosure proceedings were unlawful and initiated

4 against them by parties who did not hold any beneficial interest in their Deed of Trust.

5  23. Plaintiffs allege on information and belief that no transfer of beneficial interest to

6 the Trust Pool was attempted until *ten years after* the Trust Pool had closed. Plaintiffs allege that

7 this belated attempt to assign their Deed of Trust to the Bank of New York Mellon NA as

8 Trustee for the Trust Pool rendered such transfer *void* and not voidable under the recent Court of

9 Appeal decision in *Glaski v. Bank of America*. 218 Cal.App.4th 1079, 1097.

10  24. As such, each subsequent Notice of Default and Notice of Trustee's Sale based on

11 Defendants' belated attempts at a post-closing date transfer of Plaintiffs' Deed of Trust to the

12 Trust Pool was likewise void, and the foreclosure proceedings initiated based on these

13 documents were null and void and likewise invalid.

14

### FIRST CAUSE OF ACTION
### WRONGFUL FORECLOSURE

15  25. Plaintiffs re-allege and incorporate by reference all prior paragraphs in this

16 complaint, as though fully set forth hereafter.

17  26. The foreclosure proceedings Defendant Wells Fargo initiated against Plaintiffs

18 when they caused Clear Recon Corp to record a Notice of Default on June 4, 2014, were invalid

19 and wrongful because Defendant was not the true holder of beneficial interest, nor were they

20 acting under authority of the true beneficiary of the Plaintiffs' Deed of Trust at that time.

21  27. Plaintiffs allege on information and belief that after Wells Fargo sold Plaintiffs'

22 mortgage to the MARM 2005-1 securitized Trust, the only valid transfer of beneficial interest

23 that could have occurred at that point would be an assignment of Plaintiffs' Note and Deed of

24 Trust to the Trustee or Custodian of the Trust Pool. *See* Exh. B. Plaintiffs further allege that this

25 transfer would only have been valid if it occurred within ninety (90) days of the Trust Pool's cut-

26 off date on January 1, 2005 – both under the express terms of the Trust Pool PSA and under

1  I.R.C. provisions that establish the proper timeframes for asset transfers to tax-exempt REMIC

2  trusts such as this one. *See Id.; Glaski, supra,* 218 Cal.App.4th at 1093, fn. 12; I.R.C. 860A-G.

3      28.    Notwithstanding these facts, Plaintiffs allege on information and belief that there

4  was no recorded assignment of beneficial interest in their Deed of Trust in favor of Bank of New

5  York Mellon, NA as Trustee for the MARM 2005-1 Trust until May 22, 2014, almost *ten years*

6  *after* the Trust Pool had closed. *See* Exh. E.

7      29.    Plaintiffs allege that under the court's ruling in *Glaski*, this attempted transfers

8  were void as acts in contravention of the express terms of the Trust Pool's PSA and the

9  mandated time limits for transferring assets under Internal Revenue Code provisions governing

10  tax-exempt REMIC trusts. *See* I.R.C. § 860G, *Glaski, supra,* 218 Cal.App.4th at 1097.

11      30.    Plaintiffs allege that the facts of their case are identical to the *Glaski* case in that

12  they are alleging that post-closing date transfers of their Deed of Trust into the securitized Trust

13  rendered those attempted transfers void and not merely voidable.

14      31.    Ss in *Glaski*, the Trust was formed under New York trust law, which provides that

15  any "sale, conveyance or other act of the trustee in contravention of the trust...is void." *Id.* at

16  1098, citing New York Estates, Powers and Trusts Law § 7-2.4; *see also* Exh. B, p. 37.

17      32.    Plaintiffs also allege that when Defendants invoked power of sale, it was unclear

18  who the true holder of the beneficial interest in Plaintiffs' mortgage was given the void

19  assignments of the Deed of Trust that occurred years after the Trust Pool had closed.

20      33.    Defendants' actions in initiating foreclosure proceedings against Plaintiffs were

21  wrongful because Defendants were not entities authorized to invoke the power of sale under

22  Plaintiffs' Deed of Trust. This is an act prohibited by California's statutory non-judicial

23  foreclosure scheme, which requires that the entity initiating a non-judicial foreclosure on a deed

24  of trust have the legal power to do so. *See* Cal. Civ. Code § 2924(a)(1). California Civil Code

25  Section 2924 ("Section 2924") provides only "the trustee, mortgagee, or beneficiary, or any of

26  their authorized agents" may initiate foreclosure proceedings. Cal. Civ. Code § 2924.

1        *34.*    Plaintiffs also allege that Clear Recon Corp. had no authority to record a Notice of

2    Default when it did as it had not been properly substituted in as Trustee under the Deed of Trust.

3    Section 22 of Plaintiffs' Deed of Trust clearly provides that only the "Lender" or "Trustee" may

4    execute a notice of default and that "[t]rustee shall cause this notice to be recorded in each

5    county in which any part of the Property is located." Plaintiffs are informed and believe and on

6    that basis allege that Clear Recon Corp. was not and has not been appointed as Trustee. This was

7    a violation of the express terms of Plaintiffs' Deed of Trust as well as the statutory procedures

8    governing proper substitutions under California Civil Code § 2934a ("Section 2934a"). *See also*

9    *Chan Tang v. Bank of America, N.A.,* 2012 WL 960373 (C.D. Cal.) *8.

10        *35.*    For the reasons stated above, there is a likelihood that Plaintiffs will prevail on the

11    merits of their wrongful foreclosure claim. If Defendants are permitted to rely on the belated and

12    void transfers of the Deed of Trust to the Trust to complete this foreclosure proceeding, Plaintiffs

13    will wrongfully lose their property. Such injury is irreparable and cannot be adequately

14    compensated by financial means. Real property is considered unique in California and monetary

15    damages are deemed inadequate to compensate Plaintiffs for such loss. *Stockton v. Newman*

16    (1957) 148 Cal. App. 2d 558, 564.

17        *36.*    Plaintiffs are also not required to tender the amount due to challenge documents

18    recorded and clouding Plaintiffs' title to the Property. *See e.g. Dimock v. Emerald Properties,*

19    *Inc.* (2008) 81 Cal.App.4th 868; *Lona v. Citibank, N.A.* (2011) 202 Cal. App. 4th 89; *Tamburri v.*

20    *Suntrust Mortgage, Inc.* (N.D. Cal. 2011) 2011 WL 6294472, *4 ("where a sale is void, rather

21    than simply voidable, tender is not required"). "Tender is not required where the foreclosure sale

22    is void, rather than voidable, such as when plaintiff proves that the entity *lacked the authority to*

23    *foreclose.*" *Glaski, supra,* 218 Cal.App.4th at 1101, citing *Lester v. J.P. Morgan Chase Bank,* __

24    F.Supp.2d__, [2013 WL 633333 p. *8]; 4 Miller & Starr, Cal. Real Estate (3d ed. 2003) Deeds of

25    Trust, § 10:212, pg. 686 (emphasis added). Plaintiffs have alleged specific facts that clearly

26

1   support their allegation that Defendants lacked the authority to foreclose on the Subject Property

2   As such, Plaintiffs allege on information and belief that they are not required to tender.

3         WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them, as set

4   forth below:

### SECOND CAUSE OF ACTION
### BREACH OF EXPRESS AGREEMENT
#### Breach of Deed of Trust

7         37.     Plaintiffs re-allege and incorporate by reference all prior paragraphs in this

8   Complaint, as though fully set forth hereafter.

9         38.     Section 22 of Plaintiffs' Deed of Trust includes provisions for acceleration

10  remedies that limit the power of sale to the lender in the case of default. Specifically, this

11  provision provides that "[i]f *Lender* invokes the power of sale, *Lender shall execute* or *cause*

12  *Trustee to execute* a written notice of the occurrence of an event of default and of *Lender's*

13  election to cause the property to be sold. Trustee shall cause this notice to be recorded in each

14  county in which any part of the Property is located." (emphasis added). *See* Exh. A, at p. 16.

15        39.     Under the original Deed of Trust, National City Mortgage Co is the named

16  "Lender" and, as alleged above, there is no valid recorded assignment of beneficial interest under

17  Plaintiffs' Deed of Trust to any other party. Attempts made by National City Mortgage (and its

18  purported successors and assigns) to assign Plaintiffs' Deed of Trust to The Bank of New York

19  Mellon as Trustee for the MARM 2005-1Trust, were void acts in contravention of the express

20  terms of the PSA and Internal Revenue Code provisions governing the timeframes of asset

21  transfers to tax-exempt REMIC trusts. *See* I.R.C. 860G, *Glaski, supra,* 218 Cal.App.4th at 1098.

22        40.     Therefore, as an entity that was never the holder of beneficial interest in

23  Plaintiffs' Deed of Trust, Defendant The Bank of New York Mellon never had any power to

24  invoke the power of sale under Section 24 and breached that provision in its attempt to do so.

25        41.     Moreover, Defendants breached the express provisions of Section 22 of the Deed

26  of Trust, which provides that only the Lender or Trustee could execute a valid notice of default

1   to be followed by *Trustee's* recording of the notice in the county where the property is located.

2   *See* Exh. A, p. 13. Plaintiffs allege that Clear Recon Corps being substituted in as Trustee under

3   the Deed of Trust represented both a breach of Section 22 and a violation of Section 2934a.

4                    **Breach of Pooling and Servicing Agreement**

5       42.     Plaintiffs further allege on information and belief that Defendants breached the

6   Pooling and Servicing Agreement ("PSA") governing the MARMS 2005-1 Trust Plaintiffs'

7   mortgage was purportedly sold to when it was securitized on or around November 2004.

8       43.     Plaintiffs allege that the Trust Pool was created under the laws of New York,

9   which states that any "sale, conveyance or other act of the trustee in contravention of the

10  trust...is void." *See* Exh. B, p. 36; *Glaski, supra,* 218 Cal.App.4th at 1098, citing New York

11  Estates, Powers and Trusts Law § 7-2.4.

12      44.     Plaintiffs allege that they are third-party beneficiaries under this PSA.

13      45.     Plaintiffs allege upon information and belief that the PSA required the

14  endorsement and assignment of mortgages to the Trustee, and a review of each Mortgage File

15  within 90 days after execution and delivery... "to ascertain that all required documents ha[d]

16  been executed, received and recorded." Exh. B, p. 43-48. Plaintiffs further allege that the express

17  terms of the PSA prohibited "contributions of assets to any Trust REMIC other than in

18  connection with any Qualified Substitute Mortgage Loan" after the Trust Pool Startup Day on

19  August 29, 2005. Exh. B, p. 43-48.

20      46.     In direct contravention to this express provision of the PSA, PNC Bank, National

21  Association attempted to transfer beneficial interest in Plaintiffs' Deed of Trust to The Bank of

22  New York Mellon Trust Company, N.A. as Trustee for the MARMS 2005-1 Trust when it

23  recorded an Assignment of Deed of Trust ten years after the Trust Pool had closed. *See* Exh. E.

24  As such, under *Glaski,* Plaintiffs allege that Defendants' belated purported transfers of interest in

25  Plaintiffs' mortgage to the Trust Pool were void, and not voidable, transfers because they directly

26  contravened the express terms of the Trust Pool and violated Internal Revenue Code provisions

1  governing the legal timeframes for transfers of assets to tax-exempt REMIC trusts. 218

2  Cal.App.4th 1079; I.R.C. 860A-G.

3     47.    Plaintiffs allege on information and belief that they suffered pecuniary damages

4  as a result of Defendant's breach of their Deed of Trust in that they made payments on their loan

5  to an entity that was not and could never have been the true holder of beneficial interest in their

6  Deed of Trust. These recorded documents also cause economic damages to Plaintiffs because

7  they disclose a claim of right, title or interest in the Subject Property, which give rise to a need

8  for policy endorsements for title insurance and settlement of a claim shown on a title report, and

9  also constitute a significant dissuasive factor for any prospective purchaser inspecting the

10  property for sale. Each of these factors negatively affects and continues to affect the purchase

11  price and vendibility of the Subject Property in an amount to be proven at trial.

12     48.    The aforementioned breaches of contract made it necessary for Plaintiffs to retain

13  attorneys and to bring this action to cancel the instruments casting doubt on Plaintiffs' title.

14  Therefore, Plaintiffs are entitled to recover attorneys' fees and costs incurred in cancelling the

15  instrument. The exact amount of such damages is not known to Plaintiffs at this time, and

16  Plaintiffs will move to amend this complaint to state such amounts when they become known, or

17  on proof at the time of trial.

18     49.    Plaintiffs have provided all notices to Defendants as required by the Deed of

19  Trust.

20                     **THIRD CAUSE OF ACTION**
                       **BREACH OF IMPLIED CONTRACT**

21     50.    Plaintiffs re-allege and incorporate by reference all prior paragraphs in this

22  complaint, as though fully set forth hereafter.

23     51.    Plaintiffs are the borrowers to the Deed of Trust between Plaintiffs and Defendant

24  Wells Fargo. Plaintiffs allege on information and belief that they are third-party beneficiaries

25  subject to a PSA pursuant to the purported sale of their Deed of Trust and Note by PNC to the

26  MARM 2005-1 Trust on or around November 2004.

1        52.     On or about May 12, 2011, February 10, 2012 and September 19, 2012,

2 Defendants Wells Fargo and Citigroup Global, willfully and deliberately breached their

3 agreement with Plaintiffs and with the MARM 2005-1 Trust by committing the following acts:

4        a.     Defendants invoked the power of sale without notice to Plaintiffs as

5 required under paragraph 22 of Plaintiffs' Deed of Trust. There is no evidence that demonstrates

6 that Defendant Clear Recon Corp was the "Trustee" of Plaintiffs' Deed of Trust. *See* Exh. A, p.

7 16.

8        b.     PNC Bank violated the PSA for the MARM 2005-1 Trust by attempting to

9 record an Assignment of Deed of Trust to The Bank of New York Mellon Trust Company, NA

10 as Trustee, presumably as the earlier Sponsor/Seller of mortgages to the MARM 2005-1 Trust,

11 ten years after the Trust Pool had closed. Plaintiffs allege that these were acts in contravention of

12 the express terms of the PSA and the provisions of Internal Revenue Code Section 860G, which

13 require a transfer of interest to a trust pool within ninety (90) days of the trust's creation. *See*

14 Exh. B; *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079.

15        53.     Plaintiffs also allege that Defendants breached the implied covenant of good faith

16 and fair dealing by making it impossible for Plaintiff to carry out her obligations under the Deed

17 of Trust. In every contract, there is an implied promise of good faith and fair dealing. Namely,

18 each party agrees to refrain from conduct that would preclude the other party from performing

19 and likewise agrees to do everything the contract presupposes each party will do to accomplish

20 its purpose. *April Enters, Inc. v. KTTV,* 147 Cal.App.3d 805, 816 (1983); *Harm v. Frasher,* 181

21 Cal.App.2d 405, 417 (1960).

22        54.     Plaintiffs allege that Defendants engaged in conduct that breached the implied

23 covenant of good faith and fair dealing by obscuring the identity of the true holder of beneficial

24 interest under the Deed of Trust, and making it impossible for Plaintiffs to know who to make

25 their mortgage payments to.

26

1    55.    Plaintiffs are therefore entitled to void the power of sale clause of the agreement,
2 and/or are entitled indemnification for any problems, claims or losses caused to Plaintiffs by
3 enforcement of this clause.

4    56.    Plaintiffs were damaged by these breaches in that Plaintiffs risk permanently
5 losing title to their Property to an entity that was never legally authorized to initiate foreclosure
6 proceedings against the Subject Property.

7    57.    Plaintiffs allege on information and belief that they suffered pecuniary damages
8 as a result of Defendants' improper claims of beneficial interest in their Deed of Trust when no
9 such interest exists. This transfer caused economic damages to Plaintiffs because they disclose a
10 claim of right, title or interest in the Subject Property, which gives rise to a need for policy
11 endorsements for title insurance and settlement of a claim shown on a title report, all of which
12 constitute a significant dissuasive factor for any prospective purchaser inspecting the property for
13 sale. Each of these factors negatively affects and continues to affect the purchase price and
14 vendibility of the Subject Property in an amount to be proven at trial.

15    58.    The aforementioned breach also made it necessary for Plaintiffs to retain
16 attorneys and to bring this action to cancel the instruments casting doubt on Plaintiffs' title.
17 Therefore, Plaintiffs are entitled to recover attorneys' fees and costs incurred in cancelling the
18 instrument. The exact amount of such damages is not known to Plaintiffs at this time, and
19 Plaintiffs will move to amend this complaint to state such amount when it becomes known, or on
20 proof at the time of trial.

21    WHEREFORE, Plaintiffs prays judgment against defendants and each of them, as set
22 forth below:

23
## FOURTH CAUS OF ACTION
## SLANDER OF TITLE

24    59.    Plaintiffs re-allege and incorporate by reference all prior paragraphs in this
25 complaint, as though fully set forth hereafter.

26

1  60. Plaintiffs allege that Defendants published a false statement that disparaged

2 Plaintiffs' title to the Subject Property when they recorded, and/or caused to be recorded a void

3 Notice of Default and a void Notice of Sale against the Property. Exhs. D and E.

4  61. Plaintiffs allege that Defendant Wells Fargo had no authority to initiate

5 foreclosure proceedings under the Deed of Trust because its purported principal the Bank of New

6 York Mellon Trust Company never received a valid transfer of beneficial interest in Plaintiffs'

7 mortgage. Plaintiffs allege that Wells Fargo's purported Assignment of Deed of Trust to the

8 Bank of New York Mellon Trust, presumably as Sponsor/Seller to the MARM 2005-1 Trust,

9 occurred almost ten years after the Trust Pool had closed. *See* Exh. B. These were in direct

10 contravention to Section 10.01 of the PSA, which provided that contributions of assets could not

11 be made to a Trust REMIC following the Startup Day of the Trust. Exh. B.

12  62. PNC and the Bank of New York Mellon's post-closing date transfers also violated

13 Internal Revenue Code provisions governing REMIC trusts, which require that assets to a trust

14 be transferred within ninety (90) days of the trust's creation in order for the trust to retain its tax-

15 exempt status. *See Glaski, supra,* 218 Cal.App.4th at , fn. 12. Therefore, under *Glaski,* as a trust

16 created under New York trust law Defendants' belated transfers of the Deed of Trust to the Trust

17 Pool are *void* (and not merely voidable) as a "sale, conveyance or other act of the trustee in

18 contravention of the trust." *Id.* at 1093, citing New York Estates, Powers and Trusts Law § 7-2.4.

19  63. Defendants then proceeded to act with malice when they recorded the false and

20 void assignments, substitution of trustee, notice of default and notice of trustee's sale. "For this

21 purpose, malice is defined as actual malice, meaning that the publication was motivated by

22 hatred or ill will towards the plaintiff or by a showing that the *defendant lacked reasonable*

23 *grounds for belief in the truth of the publication* and therefore acted in reckless disregard of the

24 plaintiff's rights." *Kachlon v. Markowitz,* 168 Cal.App.4th 316, 336 (2008) (citations omitted,

25 emphasis added).

26

1      64.    Defendants acted in "reckless disregard of Plaintiffs' rights" when they initiated

2  foreclosure proceedings against Plaintiff despite lacking "reasonable grounds for belief in the

3  truth of the[se] publications." *See e.g. Kachlon v. Markowitz*, 168 Cal.App.4th at 336. Plaintiffs

4  allege on information and belief that The Bank of New York Mellon as Trustee for the MARM

5  2005-1 Trust never received a valid recorded Assignment of Deed of Trust, evidencing the

6  transfer of beneficial interest in Plaintiffs' mortgage to Defendant before the Trust Pool closed.

7  Plaintiffs allege that each of these entities were parties to the original securitization transaction in

8  2005 and as such knew where they stood or did not stand in relation to Plaintiffs' mortgage.

9      65.    Nonetheless, despite lacking reasonable grounds for believing in the validity of

10  assignments executed almost ten years after the original securitization transaction in 2005,

11  Defendants proceeded to cause Clear Recon to record an invalid Notice of Default and Notice of

12  Trustee's Sale.

13      66.    As a result, Plaintiffs suffered direct pecuniary damages in the form of potentially

14  losing legal title to their property based on a series of proceedings founded on false and void

15  documents executed by parties that lacked standing to initiate foreclosure. Plaintiffs also suffered

16  damages to the extent they made payments not credited to their account to an entity that was not

17  the true holder of beneficial interest under their Deed of Trust. The exact amount of such

18  damages is not known to Plaintiffs at this time, and Plaintiffs will move to amend this complaint

19  to state such amount when the same becomes known, or on proof at the time of trial.

20      67.    Plaintiffs also allege that the tender rule does not apply as "[t]ender is not required

21  where the foreclosure sale is void, rather than voidable, such as when plaintiff proves that the

22  entity *lacked the authority to foreclose.*" *Glaski, supra,* 218 Cal.App.4th at 1101, citing *Lester v.*

23  *J.P. Morgan Chase Bank,* __ F.Supp.2d__, [2013 WL 633333 p. *8]; 4 Miller & Starr, Cal. Real

24  Estate (3d ed. 2003) Deeds of Trust, § 10:212, pg. 686 (emphasis added). Though some courts

25  have held that tender must be alleged to maintain a cause of action for "irregularity in the sale

26  procedure," *see e.g. Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, Plaintiffs here

1   are not merely alleging an irregularity in the sale procedure but the complete lack of authority by

2   Defendants to foreclose on Plaintiffs' property in the first place. As such and under *Glaski,*

3   *supra,* no tender by Plaintiffs is required.

4        68.    The recording of the foregoing documents made it necessary for Plaintiffs to

5   retain attorneys and to bring this action to cancel the instruments casting doubt on Plaintiffs'

6   title. Therefore, Plaintiffs are entitled to recover attorneys' fees and costs incurred in cancelling

7   the instrument. The exact amount of such damages is not known to Plaintiffs at this time, and

8   Plaintiffs will move to amend this complaint to state such amount when the same becomes

9   known, or on proof of same at the time of trial.

10        WHEREFORE, Plaintiffs prays judgment against defendants and each of them, as set

11   forth below:

12

13   ## FIFTH CAUSE OF ACTION
   ## VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5

14        69.    Plaintiffs re-allege and reincorporate by reference the allegations in all

15   paragraphs above as though fully set forth herein.

16        70.    Defendants Citigroup Global violated California Civil Code Section 2923.5

17   ("Section 2923.5"), which provides that "[a] mortgagee, trustee, beneficiary, or authorized agent

18   may not file a notice of default pursuant to Section 2924 until 30 days after contact is made [with

19   the borrower]." Cal. Civ. Code § 2923.5(a). As Plaintiffs have already alleged, Defendant could

20   never have validly complied with this provision because it was never the "mortgagee, trustee,

21   beneficiary, or authorized agent" under Plaintiffs' Deed of Trust. Defendant never received a

22   valid transfer of beneficial interest to Plaintiffs' Deed of Trust and as such, it is unclear who the

23   true holder of beneficial interest is under Note and Deed of Trust.

24        71.    Therefore, though there is a purported Declaration of Compliance attached to the

25   Notice of Default Clear Recon Corp. filed, there is no true statement of compliance because The

26

1  Bank of New York Mellon nor Wells Fargo were entities authorized to initiate foreclosure
2  proceedings against the Subject Property.

3      72.    Defendant's failure to comply with Section 2923.5 renders the Notice of Default,
4  and all subsequent foreclosure proceedings based on the Notice, invalid and void. *See Mabry v.*
5  *Superior Court*, 185 Cal. App. 4th 208, 236-37 (2010) (notice of default which fails to comply
6  with Section 2923.5 is invalid and a non-judicial foreclosure may only proceed if a new, valid
7  Notice of Default is recorded).

8      WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as set
9  forth below:

10

11                              **PRAYER FOR RELIEF**

       WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:
12
       1.    For a judgment declaring that the Assignment of Deed of Trust in favor The Bank
13
    of New York Mellon Trust Company NA as Trustee for the MARM 2005-1 Trust, Exh. C, is
14
    invalid and any subsequent foreclosure proceedings or recorded documents based on this
15
    assignments are also invalid;
16
       2.    For a temporary restraining order, a preliminary injunction, and a permanent
17
    injunction, enjoining Defendants and their respective agents, servants, and employees, and all
18
    persons acting under, in concert with, or for them, from asserting any interest in the Subject
19
    Property or otherwise attempting in any manner to dispossess Plaintiffs from possession of the
20
    Subject Property; or taking any action to enforce any other remedy purportedly provided to them
21
    by the Deed of Trust;
22
       3.    For a judgment forever enjoining Defendants from claiming any estate, right, title
23
    or interest in the subject property;
24
       4.    For an order compelling Defendants to transfer legal title and possession of the
25
    subject property to Plaintiffs herein;
26
       5.    For damages according to proof at trial;

                           PLAINTIFFS' COMPLAINT - 17

6.    For costs of suit and attorneys' fees herein incurred;

7.    For punitive damages according to proof at trial; and

8.    For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of each and every claim so triable.


DATED: October 6, 2015

Michael Yesk
Attorney for Plaintiffs
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
925-849-5525

# EXHIBIT B

OCT-08-2015 THU 12:25 PM

P. 001/002

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

The Bank of New York Mellon Trust Company NA F/K/A: The Bank of New York Trust Company NA (See additional parties attachment page)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAWRENCE P. MONTEFORTE, MICHELLE R. MONTEFORTE, EN K CU AND SEN VAN NGUYEN,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED

15 OCT -8 AM 10: 48

ROSA JUNQUEIRO, CLERK
Stephanie Ceja

BY_____
DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | **CASE NUMBER:** |
|---|---|
| *(El nombre y dirección de la corte es):* San Joaquin Superior Court | *(Número del Caso):* |
| 222 E Weber Ave #303, Stockton, CA 95202 | 39-2015-00330667-CU-OR-STK |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Yesk, 70 Doray Drive, Suite 16, Pleasant Hill, CA 94523; (925) 849-5525

| DATE: OCT 0 8 2015 | ROSA JUNQUEIRO | Clerk, by | Stephanie Ceja | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WELLS FARGO BANK, N.A.

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* NATIONAL BANKING ASSOCIATION

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

2CF

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>**(SOLO PARA USO DE LA CORTE)** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

The Bank of New York Mellon Trust Company NA F/K/A The Bank of New York Trust Company NA (See additional parties attachment page)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAWRENCE P. MONTEFORTE, MICHELLE R. MONTEFORTE, EN K CU AND SEN VAN NGUYEN,

FILED

15 OCT -8 AM 10: 49

ROSA JUNQUEIRO, CLERK
Stephanie Ceja

BY_____
DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Joaquin Superior Court<br><br>222 E Weber Ave #303, Stockton, CA 95202 | **CASE NUMBER:**<br>*(Número del Caso):*<br>39-2015-00330687-CU-OR-STK |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Yesk, 70 Doray Drive, Suite 16, Pleasant Hill, CA 94523; (925) 849-5525

| DATE:<br>*(Fecha)* OCT 0 8 2015 | ROSA JUNQUEIRO Clerk, by<br>*(Secretario)* | Stephanie Ceja | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Clear Recon Corp.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Monteforte v. The Bank of New York Mellon; et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK NA AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST 2005-1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-1; CLEAR RECON CORP., WELLS FARGO BANK, N.A.; AND DOES 1-100, INCLUSIVE,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

| Attorney or Party without Attorney:<br>MICHAEL JAMES YESK ESQ, Bar #130056<br>YESK LAW<br>70 DORAY DRIVE, STE 16<br>Pleasant Hill, CA 94523<br>Telephone No: 510-909-9700<br>m.yesklaw@gmail.com<br>Attorney for: Plaintiff | | | | For Court Use Only<br><br>F I L E D<br><br>JUL 13 PH 3: 07<br><br>ROSA JUNQUEIRO, CLERK |
|---|---|---|---|---|
| | | Ref. No. or File No.:<br>MONTEFORTE | 16 | |
| Insert name of Court, and Judicial District and Branch Court:<br>SAN JOAQUIN COUNTY SUPERIOR COURT | | | | |
| Plaintiff: LAWRENCE P. MONTEFORTE, et al. | | | | DE |
| Defendant: THE BANK OF NEW YORK MELLON, et al. | | | | |

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>39-2015-00330667-CU-OR-STK<br>STK-CV-URP-2015-9413 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS & COMPLAINT ;NOTICE OF ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING;

*3. a. Party served:*         WELLS FARGO BANK, N.A.
    *b. Person served:*       BECKY DEGEORGE, AUTHORIZED TO ACCEPT, White, Female, 50 Years
                                Old, Blond Hair, 5 Feet 7 Inches, 160 Pounds, Glasses

*4. Address where the party was served:*     CSC LAWYERS INCORPORATING SERVICE CO.
                                            2710 GATEWAY OAKS DR., STE 150N
                                            Sacramento, CA 95833

*5. I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
       process for the party (1) on: Mon., Jun. 20, 2016 (2) at: 3:00PM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
    *on behalf of:* WELLS FARGO BANK, N.A.
    *Other:* NATIONAL BANKING ASSOCIATION

*7. Person Who Served Papers:*                                  Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. HENRY GARCIA                        d. *The Fee for Service was:*   $55.00


903 Sneath Lane
Suite #227
San Bruno, CA 94066
Phone 650.794.1923
FAX 650.989.4182

    e. I am: (3) registered California process server
            *(i)* Independent Contractor
            *(ii) Registration No.:*    2015-61
            *(iii) County:*            Sacramento

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    *Date: Tue, Jun. 21, 2016*

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS & COMPLAINT

(HENRY GARCIA)

yesk.120912

| Attorney or Party without Attorney:<br>MICHAEL JAMES YESK, ESQ, Bar #130056<br>YESK LAW<br>70 DORAY DRIVE, STE 16<br>Pleasant Hill, CA 94523<br>Telephone No: 510-909-9700<br>m.yesklaw@gmail.com<br>Attorney for: Plaintiff | | For Court Use Only<br><br>FILED<br><br>16   JUL 13  PM 3: 06<br><br>ROSA JUNQUEIRO, CLERK<br><br>DEPUTY |
|---|---|---|
| | Ref. No. or File No.:<br>MONTEFORTE | |

*Insert name of Court, and Judicial District and Branch Court:*
SAN JOAQUIN COUNTY SUPERIOR COURT

*Plaintiff:* LAWRENCE P. MONTEFORTE, et al.

*Defendant:* THE BANK OF NEW YORK MELLON, et al.

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>39-2015-00330667-CU-OR-STK |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS & COMPLAINT; ;NOTICE OF ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING;

3. a. *Party served:*  CLEAR RECON CORP.
   b. *Person served:*  VALERIE VILLEGAS, AUTHORIZED TO ACCEPT, Hispanic, Female, 32 Years Old, Black Hair, 5 Feet 3 Inches, 170 Pounds

4. *Address where the party was served:*  CT CORPORATION SYSTEMS
   818 W SEVENTH STREET
   Los Angeles, CA 90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon., Jun. 20, 2016 (2) at: 2:15PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   *on behalf of:* CLEAR RECON CORP.
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*
   a. JIM SANDS

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:* $55.00

   e. I am: (3) registered California process server
   (i) Independent Contractor
   (ii) Registration No.: 914
   (iii) County: Los Angeles

S&R Services
903 Sneath Lane
Suite #227
San Bruno, CA 94066
Phone 650.794.1923
FAX 650.989.4182

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Wed, Jun. 22, 2016

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS & COMPLAINT

(JIM SANDS)

yesk.120910

# EXHIBIT C

This document was prepared by: **JUDI SLAYTON, NATIONAL CITY BANK**
2575 GRAND CANAL BLVD #330, STOCKTON CA 95207
Please return this document after recording to:
NCB, CLS BRECKSVILLE
LOCS, LOCATOR 7120
P.O. BOX 5570
CLEVELAND, OH 44101



DOC # 2004-267447
11/23/2004 08:37A Fee:27.00
Page 1 of 7
Recorded in Official Records
County of San Joaquin
GARY W. FREEMAN
Assessor-Recorder-County Clerk
Paid by FIDELITY NATL TITLE INS CO

——— State of California ———

F714038

——— Space Above This Line For Recording Data ———

# DEED OF TRUST
(With Future Advance Clause)

1. **DATE AND PARTIES.** The date of this Deed of Trust (Security Instrument) is ..November.17,.2004........................
   and the parties, their addresses and tax identification numbers, if required, are as follows:
   GRANTOR:

   **SEN VAN NGUYEN and EN KIM CU Husband and Wife as Joint Tenants**
   **1119 GREEN RIDGE DR, STOCKTON, California, 95209**

   ☐ If checked, refer to the attached Addendum incorporated herein, for additional Grantors, their signatures and acknowledgments.
   TRUSTEE: **NATIONAL CITY BANK**

   LENDER: **NATIONAL CITY BANK**

2. **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Grantor's performance under this Security Instrument, Grantor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of Lender, with power of sale, the following described property:
   **SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF**

   The property is located in .**San Joaquin**............................................. at ....................................................
                      (County)
   **1119 GREEN RIDGE DR** ..........................., **STOCKTON**.................................., California ..**95209**.........
       (Address)           (City)            (ZIP Code)
   Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as "Property").

3. **MAXIMUM OBLIGATION LIMIT.** The total principal amount secured by this Security Instrument at any one time shall not exceed $ ..**125,000.00**........................ . This limitation of amount does not include interest and other fees and charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
   A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(s) or other evidence of debt described below and all their extensions, renewals, modifications or substitutions. *(Include items such as borrowers' names, note or contract amounts, interest rates (whether variable), maturity dates, etc.)*

   **Maturity Date: 11/17/2024**



B.  All future advances from Lender to Grantor or other future obligations of Grantor to Lender under any promissory note, contract or guaranty, or other evidence of debt executed by Grantor in favor of Lender after this Security Instrument if this Security Instrument is specifically referenced on the evidence of other debt. If more than one person signs this Security Instrument, each Grantor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Grantor, or any one or more Grantor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument.

C.  All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

D.  Performance of every obligation in this Security Instrument (including any subsequent instrument amending this Security Instrument) and any instrument now or later evidencing or securing any indebtedness secured by this Security Instrument.

In the event that Lender fails to provide any necessary notice of the right of rescission with respect to any additional indebtedness secured under paragraph B of this Section, Lender waives any subsequent security interest in the Grantor's principal dwelling that is created by this Security Instrument (but does not waive the security interest for the debts referenced in paragraph A of this Section).

5.  **DEED OF TRUST COVENANTS.** Grantor agrees that the covenants in this section are material obligations under the Secured Debt and this Security Instrument. If Grantor breaches any covenant in this section, Lender may refuse to make additional extensions of credit and reduce the credit limit. By not exercising either remedy on Grantor's breach, Lender does not waive Lender's right to later consider the event a breach if it happens again.

**Payments.** Grantor agrees that all payments under the Secured Debt will be paid when due and in accordance with the terms of the Secured Debt and this Security Instrument.

**Prior Security Interests.** With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Grantor agrees to make all payments when due and to perform or comply with all covenants. Grantor also agrees not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written approval.

**Claims Against Title.** Grantor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Grantor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Grantor's payment. Grantor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Grantor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Grantor may have against parties who supply labor or materials to maintain or improve the Property.

**Property Condition, Alterations and Inspection.** Grantor will keep the Property in good condition and make all repairs that are reasonably necessary. Grantor shall not commit or allow any waste, impairment, or deterioration of the Property. Grantor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Grantor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Grantor will notify Lender of all demands, proceedings, claims, and actions against Grantor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Grantor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Grantor will in no way rely on Lender's inspection.

**Authority to Perform.** If Grantor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform or cause them to be performed. Grantor appoints Lender as attorney in fact to sign Grantor's name or pay any amount necessary for performance. Lender's right to perform for Grantor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's other rights under the law or this Security Instrument.

**Leaseholds; Condominiums; Planned Unit Developments.** Grantor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Grantor will perform all of Grantor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

**Condemnation.** Grantor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means. Grantor authorizes Lender to intervene in Grantor's name in any of the above described actions or claims. Grantor assigns to Lender the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

**Insurance.** Grantor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. These requirements may change during the life of this Security Instrument. The insurance carrier providing the insurance shall be chosen by Grantor subject to Lender's approval, which shall not be unreasonably withheld. If Grantor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Grantor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Grantor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Grantor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Grantor.

Unless otherwise agreed in writing, all insurance proceeds shall be applied to the restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of the scheduled payment nor change the amount of any payment. Any excess will be paid to the Grantor. If the Property is acquired by Lender, Grantor's right to any insurance policies and proceeds resulting from damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

**Financial Reports and Additional Documents.** Grantor will provide to Lender upon request, any financial statement or information Lender may deem reasonably necessary. Grantor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Grantor's obligations under this Security Instrument and Lender's lien status on the Property.

6.  **WARRANTY OF TITLE.** Grantor warrants that Grantor is or will be lawfully seized of the estate conveyed by this Security Instrument and has the right to irrevocably grant, convey and sell the Property to Trustee, in trust, with power of sale. Grantor also warrants that the Property is unencumbered, except for encumbrances of record.

7.  **DUE ON SALE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable.

8.  **DEFAULT.** Grantor will be in default if any of the following occur:

    **Fraud.** Any Consumer Borrower engages in fraud or material misrepresentation in connection with the Secured Debt that is an open end home equity plan.
    **Payments.** Any Consumer Borrower on any Secured Debt that is an open end home equity plan fails to make a payment when due.
    **Property.** Any action or inaction by the Borrower or Grantor occurs that adversely affects the Property or Lender's rights in the Property. This includes, but is not limited to, the following: (a) Grantor fails to maintain required insurance on the Property; (b) Grantor transfers the Property; (c) Grantor commits waste or otherwise destructively uses or fails to maintain the Property such that the action or inaction adversely affects Lender's security; (d) Grantor fails to pay taxes on the Property or otherwise fails to act and thereby causes a lien to be filed against the Property that is senior to the lien of this Security Instrument; (e) a sole Grantor dies; (f) if more than one Grantor, any Grantor dies and Lender's security is adversely affected; (g) the Property is taken through eminent domain; (h) a judgment is filed against Grantor and subjects Grantor and the Property to action that adversely affects Lender's interest; or (i) a prior lienholder forecloses on the Property and as a result, Lender's interest is adversely affected.

    **Executive Officers.** Any Borrower is an executive officer of Lender or an affiliate and such Borrower becomes indebted to Lender or another lender in an aggregate amount greater than the amount permitted under federal laws and regulations.



**9.  REMEDIES ON DEFAULT.** In addition to any other remedy available under the terms of this Security Instrument, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Grantor is in default. In some instances, federal and state law will require Lender to provide Grantor with notice of the right to cure, or other notices and may establish time schedules for foreclosure actions.

At the option of the Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter. Lender shall be entitled to, without limitation, the power to sell the Property.

If Lender elects to foreclose by exercise of the power of sale, Lender will declare the entire Secured Debts due and payable by delivering to Trustee this Security Instrument and any evidence of the Secured Debts, receipts and evidence of expenditures made and secured, as Trustee requires. When the legally prescribed time passes after Trustee or Lender duly records a notice of default, the Trustee, Lender or other person authorized to take the sale will give a notice of sale as required by law and will cause the Property to be sold at the time and place fixed in the notice of sale. Lender may rescind any notice of default at any time before the Property's sale. Rescission will occur when Lender executes and records a notice of rescission that cancels any prior notice of default and any related acceleration of the Secured Debts. Lender's rescission will not waive any default then existing or subsequently occurring or preclude Lender exercising its remedies, including the power of sale, at another time.

The Property can be sold as a whole or in separate parcels and in any order that Trustee decides. The Property will be sold to the highest bidder for cash in lawful money of the United States, payable at sale time. The Property can be sold to anyone, including Grantor, Trustee or Lender. Trustee may postpone the sale of any part of the Property by public announcement at the time and place of this sale and afterwards at the time fixed by the preceding postponement. Upon any sale of the Property, Trustee will make and deliver a special or limited warranty deed that conveys the property sold to the purchaser or purchasers. Under this special or limited warranty deed, Trustee will covenant that Trustee has not caused or allowed a lien or an encumbrance to burden the Property and that Trustee will specially warrant and defend the Property's title to the purchaser or purchasers at the sale against all lawful claims and demand of all persons claiming by, through or under Trustee. The deed's recital of facts will be conclusive proof of the truthfulness of these facts.

The proceeds from the Property's sale will be applied to the sale expenses, Trustee's expenses, Lender's attorneys' fees due on Grantor's default, sums that Trustee or Lender paid for procuring a title search of the Property's title subsequent to the execution of this Security Instrument, all outstanding amounts due under this Security Instrument and the remainder to anyone legally entitled to the remaining amounts due.

The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Grantor's default, Lender does not waive Lender's right to later consider the event a default if it happens again.

**10. EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** If Grantor breaches any covenant in this Security Instrument, Grantor agrees to pay all expenses Lender incurs in performing such covenants (including but not limited to advances and expenses described in the DEED OF TRUST COVENANTS section) or protecting its security interest in the Property. Such expenses include, but are not limited to, fees incurred for inspecting, preserving, or otherwise protecting the Property and Lender's security interest. These expenses are payable on demand and will bear interest from the date of payment until paid in full at the highest rate of interest in effect as provided in the terms of the Secured Debt. Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses. To the extent permitted by the United States Bankruptcy Code, Grantor agrees to pay the reasonable attorneys' *fees* Lender incurs to collect the Secured Debt as awarded by any court exercising jurisdiction under the Bankruptcy Code. This Security Instrument shall remain in effect until released. Grantor agrees to pay for any recordation costs of such release.

**11. ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.

*Exʃerel®* ©1994 Bankers Systems, Inc., St. Cloud, MN  Form OCP-REDT-CA  9/13/2001



Grantor represents, warrants and agrees that:

    A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.

    B. Except as previously disclosed and acknowledged in writing to Lender, Grantor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.

    C. Grantor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Grantor shall take all necessary remedial action in accordance with any Environmental Law.

    D. Grantor shall immediately notify Lender in writing as soon as Grantor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

**12. ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Grantor will not be required to pay to Lender funds for taxes and insurance in escrow.

**13. JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Grantor signs this Security Instrument but does not sign an evidence of debt, Grantor does so only to mortgage Grantor's interest in the Property to secure payment of the Secured Debt and Grantor does not agree to be personally liable on the Secured Debt. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Grantor and Lender.

**14. SEVERABILITY; INTERPRETATION.** This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.

**15. SUCCESSOR TRUSTEE.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee without any other formality than the designation in writing. The successor trustee, without conveyance of the Property, shall succeed to all the title, power and duties conferred upon Trustee by this Security Instrument and applicable law.

**16. NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one grantor will be deemed to be notice to all grantors. Lender and Grantor request that copies of any notice of default or notice of sale under a superior security instrument be sent to Lender and Grantor at the addresses listed in the DATE AND PARTIES section.

**17. WAIVERS.** Except to the extent prohibited by law, Grantor waives all appraisement or marshalling of assets relating to the Property.

**18. SPOUSE'S SEPARATE PROPERTY.** Any Grantor who is a married person expressly agrees that recourse may be had against his or her separate property.

**19. LINE OF CREDIT.** The Secured Debt includes a revolving line of credit. Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released.

**20. APPLICABLE LAW.** This Security Instrument is governed by the laws as agreed to in the Secured Debt, except to the extent required by the laws of the jurisdiction where the Property is located, and applicable federal laws and regulations.

Expert © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA 9/13/2001

21. **RIDERS.** The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument. [Check all applicable boxes]
☐ Assignment of Leases and Rents ☐ Other ...............................................................................................................

22. ☐ **ADDITIONAL TERMS.**

23. **REQUEST FOR NOTICE.** In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded ........................................, ............., in book ............................. page ................................., records of ........................................... County, (or filed for record with recorder's serial number ...................................., ........................................... County) California, executed by ........................................................................... ...................................................................................................................... as trustor (or mortgagor) in which ................................................................................................., is named as beneficiary (or mortgagee) and ............................................................................................................... as trustee be mailed to:
Name ........................................................................................................................................... at
Address ............................................................................................................................................ .

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

Signature on behalf of the requester named above:

Signature ..................................................................

(Include the requester's name, by the signer, among those acknowledging below, or use a separate acknowledgment form.)

**SIGNATURES:** By signing below, Grantor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Grantor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

.................................................................... (Signature) **SEN VAN NGUYEN**          (Date)

.................................................................... (Signature) **EN KIM CU**          (Date)

**ACKNOWLEDGMENT:**
STATE OF ............ *LA* ............................... COUNTY OF ... *San Joaquin* ............... } ss.
On this ...... *17th* .............. day of ...... *November* ... *2004*. before me ... *Jennifer E. Burgin* ...
a notary public, personally appeared .. *Sen Van Nguyen* ... *& En Kim Cu* ...............................
..............................................................................................................................................
........................................................... personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

JENNIFER E. BURGIN
Commission # 1395274
Notary Public - California
San Joaquin County
My Comm. Expires Jan 21, 2007

Signature ... *(signature)* ...........................................
Name (typed or printed) *Jennifer E. Burgin*

My commission expires: *January 21, 2007* ...................

**REQUEST FOR FULL RECONVEYANCE**
**To Trustee:** The undersigned is the holder of the note or notes secured by this Deed of Trust, which was recorded in the office of the Recorder of ............................................. County, State of California, in book ........................., page .............. of official records. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: ......................................          ..........................................................................

Assessor's Identification Number ....................-..................-....................

## LEGAL DESCRIPTION

Lot 154, as shown on that certain Map entitled, Tract No. 2538, FAIRWAY GREENS, filed for record August 26, 2002 in Book 37 of Maps and Plats, Page 38, San Joaquin County Records.

Excepting therefrom all oil, gas and minerals as reserved in Deed recorded December 6, 1961 in Volume 2487, page 4, San Joaquin County Records.

Assessor's Parcel No: 070-350-32

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA**        )
                               )   ss.
3        **COUNTY OF SACRAMENTO**        )

4        I, Beverley Tomlin-Hill, declare:

5        I am employed in the County of Sacramento, State of California.  I am over the age of 18 and not a party to the within
         action.  My business address is 980 9th Street, Suite 2350, Sacramento, California 95814-2716.
6
         On July 20, 2016, I served the document(s) described as: **NOTICE OF REMOVAL** on all interested parties in said
7        action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

8        ☒        **BY MAIL:** as follows:

9                ☐        **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing
                  correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
10               day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business.  I am aware
                  that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is
11               more than one (1) day after date of deposit for mailing in affidavit.

12       ☐        **BY EXPRESS MAIL** as follows:  I caused such envelope to be deposited in the U.S. Mail at Sacramento,
                  California.  The envelope was mailed with Express Mail postage thereon fully prepaid.
13

14       ☒        **BY ELECTRONIC ACCESS** Pursuant to the Federal Electronic Filing Court Order, I hereby certify that the
15               above document(s) was uploaded to the McKinley, et al. v. CitiMortgage, Inc., et al. website and will be posted
                  on the website by the close of the next business day and the webmaster will give e-mail notification to all
16               parties.

         ☐        **STATE**        I declare under penalty of perjury under the laws of the State of California that the above is true
17               and correct.

18       ☒        **FEDERAL**        I declare that I am employed in the offices of a member of the State Bar of this Court at whose
                  direction the service was made.
19

20               Executed on July 20, 2016, at Sacramento, California.   *Beverley Tomlin-Hill*

21                                                                          Beverley Tomlin-Hill

22

23

24

25

26

27

28

2471964.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
**San Joaquin County Superior Courts – Case No. 39-2015-00330667-CU-OR-STK**
**MONTEFORTE, et al. v. THE BANK OF NEW YORK MELLON, et al.**
**W&W File No. 1641-043**
**[Revised: 07/05/16]**

Michael J. Yesk                                    Attorneys for Plaintiffs
Attorney at Law
70 Doray Drive, Suite 16                           Tel: (925) 849-5525
Pleasant Hill, CA 94523                            Fax: (925) 887-6642
                                                   Email: yesklaw@gmail.com

**WOLFE & WYMAN LLP**
ATTORNEYS & COUNSELORS AT LAW

W&W