Brian H. Gunn (SBN 192594)
*bhgunn@wolfewyman.com*
Joshua M. Bryan (SBN 225230)
*jmbryan@wolfewyman.com*
WOLFE & WYMAN LLP
980 9th Street, Suite 2350
Sacramento, CA 95814-2716
Telephone: (916) 912-4700
Facsimile: (916) 329-8905

Attorneys for Defendant
THE BANK OF NEW YORK TRUST COMPANY
N/A F/K/A THE BANK OF NEW YORK TRUST
COMPANY NA AS SUCCESSOR IN INTEREST TO
JP MORGAN CHASE BANK NA AS TRUSTEE FOR
MASTR ADJUSTABLE RATE MORTGAGES TRUST
2005-I, MORTGAGE PASS-THROUGH CERTIFICATE
SERIES 2005-I; WELLS FARGO BANK, N.A.;

UNITED STATES DISTRICT COURT

STATE OF CALIFORNIA EASTERN DISTRICT

| | |
|---|---|
| LAWRENCE P. MONTEFORTE, MICHELLE R. MONTEFORTE, EN K CU AND SEN VAN NGUYEN,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY NA F/K/A/ THE BANK OF NEW YORK TRUST COMPANY NA AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK NA AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST 2005-I, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 20051; CLEAR RECON CORP; WELLS FARGO, N.A.; WELLS FARGO BANK, N.A.; AND DOES 1-100, INCLUSIVE,<br><br>Defendants. | Case No.: 2:16-cv-01675-WBS-EFB<br><br>**DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date: Septbmer 6, 2016<br>Time: 1:30 p.m.<br>Ctrn.: 5, 14th Floor |

Defendants THE BANK OF NEW YORK TRUST COMPANY N/A F/K/A THE BANK OF NEW YORK TRUST COMPANY NA AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK NA AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST

1

2496445.1

2005-I, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-I ("BNYM"); WELLS FARGO BANK, N.A. ("Wells") (collectively "Defendants") hereby submit this memorandum of points and authorities in support of their motion to dismiss the entire Complaint filed by Plaintiffs LAWRENCE P. MONTEFORTE, MICHELLE R. MONTEFORTE, EN K CU AND SEN VAN NGUYEN ("Plaintiffs") and each claim within the Complaint asserted against them including the first, second, third, fourth and fifth causes of action.

## I. **INTRODUCTION**

This matter arises out of Plaintiffs' allegations that multiple defendants acted wrongfully in the initiation of foreclosure with respect to a mortgage loan secured with a Deed of Trust against the property commonly known as 1119 Green Ridge Drive, Stockton, California ("Property").

The thrust of Plaintiffs' allegations is that the loan originated in 2004, and shortly thereafter was transferred into a loan trust for which Chase was the trustee. Plaintiffs allege, however, that the assignment of the Deed of Trust evidencing that transfer into the loan trust was not recorded until almost ten years later, rendering the assignment void along with the foreclosure which was initiated in 2014.

In this regard, Plaintiffs bring causes of action for Wrongful Foreclosure, Breach of Express and Implied Agreement, Slander of Title and violation of California Civil Code section 2923.5 against all defendants. However, as set forth below, Plaintiffs fail to allege a single cognizable claim against any Defendant.

Plaintiffs' claim for wrongful foreclosure fails because Plaintiffs' claim is pre-mature, not authorized under prevailing case law and Plaintiffs have failed to allege the willingness and ability to tender the outstanding indebtedness owed.

Plaintiffs' second and third causes of action for breach of express and implied agreement fail because Plaintiffs seek to invoke an agreement to which they are not a party, fail to adequately allege the existence of any agreement between Plaintiffs and any Defendant and fail to allege damages.

Plaintiffs' fourth cause of action for slander of title fails because the alleged slanderous foreclosure notices are privileged, the initiation of foreclosure prior to completion of the foreclosure

does not affect the title of property and Plaintiffs fail to allege any connection between the alleged slanderous statements and any cognizable harm to Plaintiffs.

Plaintiffs' fifth cause of action for violation of Civil Code section 2923.5 fails to state a cause of action because the foreclosure has not yet occurred, and in any event, Plaintiffs have failed to allege how the identity of the entity signing the notice of default and sale could have materially affected them even if incorrect.

For these reasons and those set forth more fully below, the Complaint fails to state a single claim against Defendants.

## II. COMPLAINT ALLEGATIONS

Plaintiffs allege that the Deed of Trust securing the subject loan was recorded on November 2, 2004 in favor of National City Mortgage Co. ("NCM"). **(See Complaint, at Paragraph 13.)**

According to Plaintiffs, shortly thereafter, NCM attempted to sell Plaintiffs' Deed of Trust to Chase as trustee of the applicable loan trust. **(See Complaint, at Paragraph 14.)**

Plaintiffs allege that BNYM claims to be the successor trustee to the loan trust. The Complaint states that the note and deed of trust were "purportedly securitized" pursuant to the Pooling and Servicing Agreement ("PSA") with BNYM acting as trustee for the loan trust. **(Complaint, at Paragraph 15.)**

Plaintiffs allege that the PSA requires the depositor to deliver documentation regarding the complete chain of assignments requires the trustee or custodian to "review each mortgage file within 90 days after execution and delivery of this [PSA], to ascertain that all required documents have been executed, received and recorded, … and that such documents related to the Mortgage Loan." **(Complaint, at Paragraphs 16- 17.)**

Further, Plaintiffs allege that the PSA requires that all transfers of assets must have been made to the Trust Pool within ninety (90) days of the Trust Pool startup date. **(Complaint, at Paragraph 18.)** Plaintiffs allege that no assignment of the deed of trust to the pool occurred until May 22, 2014, nearly ten years after the Trust Pool had closed. **(Complaint, at Paragraph 19.)**

The Complaint states that Clear Recon Corp. recorded a notice of default on June 4, 2014, and a notice of trustee's sale on September 15, 2014 as the "original trustee, the duly appointed

3
P&A'S IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
2496445.1

substitute trustee, or acting as agent for the trustee or beneficiary under the Deed of Trust". **(Complaint, at Paragraphs 20-21.)**

Plaintiffs allege that these foreclosure proceedings were unlawful and initiated against them by parties with no beneficial interest in the property, making the transfer of the deed of trust into the trust pool void. Plaintiffs allege that as a result, the Notice of Default, Notice of Sale and the foreclosure proceedings based upon these documents are also void. **(Complaint, at Paragraph 22.)**

Plaintiffs do not allege that the Property has been sold.

## III. STANDARD OF REVIEW

Pursuant to FRCP 12(b)(6), "failure to state a claim upon which relief can be granted," is a basis to dismiss a complaint where the moving party can demonstrate beyond doubt that the Plaintiff cannot provide a set of facts in support of his claim which would entitle them to relief, such that this Motion to Dismiss should be granted. (See Puckett v. Park Place Entertainment, Corp., 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004).) The U.S. Supreme Court requires a plaintiff to plead more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. (Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" (Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (*quoting* Fed. R. Civ. P. 8(a)(2)) (citation omitted).)

While the Court should typically take the allegations as alleged in the complaint as true, "Courts do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." (Puckett, 332 F. Supp. 2d at 1352 (*quoting* Western Mining Counsel v. Watt, 643 F. 2d 618, 624 (9th Cir. 1981).) It has specifically been held that "conclusory allegations of law and unwarranted inferences are insufficient to defend a Motion to Dismiss for failure to state a claim." (In re Stac Electronics Securities Litigation, 89 F.3d 1399, 1403 (9th Cir. 1996) (*quoting* In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993).)

Where a complaint alleges a statutory violation, the complaint must identify the particular

4

statutory scheme that was violated and describe with reasonable particularity the facts supporting the violation. (Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619(1993).)

Under this pleading standard, the motion to dismiss should be granted.

## IV. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Plaintiffs Lawrence P. Monteforte and Michelle R. Monteforte Lack Standing to Bring a Claim Under HBOR Because They Admit They Are Not The Borrowers

Only borrowers may maintain a private right of action under the provision of the California Homeowner Bill of Rights ("HBOR"). (See Civil Code § 2920.5(c).) Plaintiffs' Lawrence P. Monteforte and Michelle R. Monteforte are admittedly not borrowers of the loan that is the subject of this action. **(See Complaint, Paragraph 8.)** Therefore, they lack standing to bring the first and fourth causes of action because they lack standing to invoke any provision of the Homeowner Bill of Rights ("HBOR") including Civil Code section 2924, 2924(a)(1) and 2923.5. Accordingly, the first and fourth causes of action as brought by Lawrence and Michelle Monteforte should be dismissed with prejudice.

### B. Plaintiffs' First Cause of Action for Wrongful Foreclosure Fails

Plaintiffs' first cause of action for wrongful foreclosure is based upon the argument that the above referenced assignment was recorded approximately 10 years too late, that it was unclear who the beneficial owner of the Deed of Trust was and that Clear Recon was not sufficiently substituted as trustee.

To the extent Plaintiffs allege that Defendants lack authority to foreclose because the assignment of the loan into the trust was late, their wrongful foreclosure action is pre-mature. Plaintiffs cite to Glaski v. Bank of America (2013) 218 Cal.App.4th 1079 which held that if an assignment of note and deed of trust is void at inception, borrower has standing to assert wrongful foreclosure claim based on trustee's failure to adhere to statutory requirements for foreclosure sale. (Id.) However, the California Supreme court's recent opinion in Yvanova v. New Century Mortgage Company (2016) 62 Cal.4th 919 discussed Glaski and expressly stated that it was not holding that: 1) a borrower may file a preemptive lawsuit to challenge an assignment, or 2) that an assignment is

5

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

2496445.1

void because of the improper securitization of the loan. (Id; See also <u>Gomes v. Countrywide Home Loans, Inc.</u> (2011) 192 Cal.App.4th 1149, 1154 [borrowers cannot challenge any Defendant's standing to conduct a nonjudicial foreclosure as a matter of law].)

Moreover, the dispositive case of <u>Saterback v. JPMorgan Chase Bank</u>, *N.A.*, 2016 WL 1055066, held that California courts do not allow suits by borrowers challenging foreclosure prior to a completed foreclosure on grounds of non-compliance with the pooling and servicing agreement for the securitized instrument (<u>Id</u>.) Therefore, Plaintiffs' wrongful foreclosure claim is pre-mature as a matter of law.

Moreover, to the extent that Plaintiffs claim that Defendants' lacked authority to foreclose because it was "unclear" who held the beneficial interest due to void assignment(s), a cause of action challenging foreclosure is also pre-mature under <u>Yvanova</u>, <u>Gomes</u> and <u>Saterback</u>, <u>supra</u>. Furthermore, the ground for challenging foreclosure is pre-mature to the extent it is alleged under HBOR, as Civil Codes section 2924.12 and 2924.19 which set forth remedies available to borrowers do not authorize a pre-foreclosure lawsuit under Civil Code section 2924(a)(1).

Further, executing and recording a substitution of trustee after recording an NOD is explicitly allowed under CC 2934a and *even if* the NOD was improperly recorded by an un-substituted, an agent for the original trustee or beneficiary is authorized to conduct the foreclosure, and even if Clear Recon were a non-agent of the trustee, it would ultimately have the authority to carry out the rest of the foreclosure, including the sale, as long as it is substituted prior to completion of foreclosure. (See <u>Ram v. Onewest Bank, FSB</u>, 234 Cal. App. 4th 1 (2015); CCP § 2934a(d).) Here, Plaintiffs' allegations do not exclude the possibility that one of the defendants was an authorized agent for the original trustee; nor do Plaintiffs allege that the foreclosure has been completed. Therefore, they may not challenge any defect in the foreclosure process, including but not limited to on the basis of whether the trustee who recorded the notice of default (Clear Recon) was appropriately substituted as trustee.

Finally, Plaintiffs fail to allege tender. It is well established that before a borrower can bring a cause of action to challenge a foreclosure sale, the borrower must pay the entire loan amount prior to the sale. (<u>United States Cold Storage of California v. Great Western Savings & Loan Association</u> (1985) 165 Cal.App.3d 1214, 1222.) Thus, to challenge the foreclosure sale, a "valid and viable

6

**P&A'S IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

tender of payment of indebtedness" is an essential element of the action. (FPCI RE-HAB 01 v. E & G Investments, Ltd. (1989) 207 Cal.App.3d 1018, 1021.) The tender rule is based on the rationale that "if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to plaintiffs. (Id. at 1022; Karlsen v. American Savings & Loan Association (1971) 15 Cal.App.3d 112, 117; Arnolds Management Corp. v. Eischen (1984) 158 Cal.App.3d 575, 578.)

Plaintiffs cannot state any cause of action for wrongful foreclosure because Plaintiffs fail to allege they tendered or offered to tender the amount owing. Thus, Plaintiffs' first cause of action should be dismissed on this additional independent ground.

For these reasons, Plaintiffs' wrongful foreclosure claim must be dismissed with prejudice.

### C. Plaintiffs' Second and Third Causes of Action for Breach of Express and Implied Agreement Fails

Plaintiffs' second and third causes of action for breach of express and implied agreements are both based upon the allegation that BNYM never had any power to accelerate under the Deed of Trust because NCM was the named lender and the Deed of Trust was never validly assigned to the trust pool. Both causes of action also allege that Defendants breached the terms of the PSA for that same reason.

[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. [Citation.]" (Oasis West Realty, LLC v. Goldman (2011) 51 Cal.4th 811, 821.) "A cause of action for breach of implied contract has the same elements as does a cause of action for breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct." (Yari v. Producers Guild of America, Inc. (2008) 161 Cal.App.4th 172, 182.) "An implied contract 'consists of obligations arising from a **mutual agreement and intent to promise** where the agreement and promise have not been expressed in words.' [Citations.]" (California Emergency Physicians Medical Group v. PacifiCare of California (2003) 111 Cal.App.4th 1127, 1134; emphasis added.)

Plaintiff's complaint fails to allege the necessary elements of a cause of action for breach of

contract or an implied contract. Nothing in the complaint remotely suggests an "agreement and intent to promise" between any of the Defendants and Plaintiffs. Rather, Plaintiffs attempt to invoke the breach of a PSA without being parties to the PSA. In the absence of Plaintiffs' sufficiently pleading the existence of an agreement between Plaintiffs and any Defendant, there is no basis for proceeding on a claim for breach of express or implied contract and the second and third causes of action must be dismissed.

Plaintiffs' second and third causes of action also fail because their claim for damages is also insufficiently pled, consisting of an alleged necessity to retain attorneys to cancel certain unspecified instruments "casting doubt on plaintiffs' title" and affecting the purchase price of the Property. However, Plaintiffs fail to allege which instruments are being referenced or how the existence of those instruments harmed Plaintiffs. Therefore, Plaintiffs have failed to adequately plead damages in connection with any purported breach of express or implied contract

For these reasons, the second and third causes of action must be dismissed with prejudice.

D. **Plaintiffs' Fourth Cause of Action for Slander of Title Fails**

Plaintiffs' cause of action for Slander of Title is based upon the allegation that defendants recorded documents including a notice of default and notice of trustee's sale which slandered title to their property because they were recorded by an entity with no authority to do so.

The elements of a cause of action for slander of title are: (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss. (Alpha and Omega Development, LP v. Whillock Contracting, Inc., 200 Cal.App.4th 656, 664 (2011).)

Here, to the extent the cause of action suggests that the recording of any foreclosure notices are actionable, it fails because the activities of a foreclosure trustee including recordation of a notice of default and notice are privileged under Civil Code section 47. (See Civil Code section 2924(d).) Moreover, Plaintiffs have clearly failed to allege any facts showing that they were not actually in default. Therefore, regardless of which entity recorded the notices of default or sale, such recordings would not be slanderous because Plaintiffs have not alleged that the fact of default was untrue.

Second, the recordation of a notice of a default and notice of sale would not have any effect

2496445.1

1 on title, as the foreclosure has not been completed.

2 Third, even assuming that the foreclosure was in fact slanderous and affected title, which Plaintiffs have failed to allege, Plaintiffs must also show a causal connection between alleged pecuniary loss and the alleged slanderous statement. (See Alpha and Omega Developments, Supra at 664.) Plaintiffs allege they suffered pecuniary loss made payments to an entity that that was not the true holder of beneficial interest. However, the allegations do not draw any connection between these payments and the recordation of the above referenced foreclosure notices.

Accordingly, Plaintiffs' fourth cause of action must fail.

### E. **Plaintiffs' Fifth Cause of Action for Violation of Civil section 2923.5 Fails**

Here, Plaintiffs allege that the declaration of compliance required by section 2923.5 in conjunction with recordation of a notice of default stating that the borrower has been contacted to discuss alternatives to foreclosure or that no contact was made despite due diligence, was improper because none of the defendants were entities authorized to initiate foreclosure proceedings.

Under section 2923.5, a lender is required to contact the borrower to explore options to prevent foreclosure before filing a notice of default. (*See* Cal. *Civ. Code* § 2923.5(a)(1)-(2).) Civil Code section 2923.5(b) requires only that a notice of default "shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by the section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent." (Pantoja v. Countrywide Homes Loans, Inc. 640 F.Supp.2d 1177, 1184 (N.D. Cal. 2009) *citing* Cal. Civ. Code section 2923.5(b).)

The California Homeowner Bill of Rights ("HBOR") does not authorize a cause of action for damages prior to recordation of a trustee's deed upon sale. (See Civil Code section 2924.12 and 2924.19.)

Further, Plaintiffs may not maintain a private right of action pursuant to section 2923.5 for the additional reason that they cannot prove any material violation of section 2923.5. (See Civil Code section 2924.19.) Although "material" is not defined in the HBOR, the qualifier "must mean something." (See Johnson v. PNC Mortgage, No. C 14-02976 LB, 2014 WL 6629585, at *10 (N.D.

9
P&A'S IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Cal. Nov. 21, 2014) (construing the term "material" under California Civil Code section 2924.19(a)(1))(See also, Civil Code section 2924.12.) In this context, a "violation" being automatically a "material violation"—so that the word "material" effectively disappears from the statute. It is a basic rule of statutory construction that, wherever possible, courts must give effect to all the terms of a statute. (Id. at *10 (N.D. Cal. Nov. 21, 2014).)

Here, the property has not been sold and Plaintiffs have alleged no quantifiable damages as a result of any of Defendants' actions. Further, any purported violation of section 2923.5, would be immaterial as Plaintiffs are not alleging that the outcome would be any different had an allegedly "authorized party" signed the declaration instead. (*See* Civil Code section 2924.12(a) and 2924.19(a) requiring a "material" violation of section 2923.5 in order to obtain an injunction or damages.) Indeed, Plaintiffs' Complaint does not dispute that they were actually in arrears or that they were in fact in default regardless of who signed the declaration in issue.

Accordingly, Plaintiffs' fifth claim should be dismissed with prejudice.

## V. <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant Defendants' motion to dismiss in its entirety and dismiss Plaintiffs' entire Complaint with prejudice.

DATED: July 27 2016                     WOLFE & WYMAN LLP

By: //s//*JOSHUA M. BRYAN*
BRIAN H. GUNN
JOSHUA M. BRYAN
Attorneys for Defendant
**THE BANK OF NEW YORK TRUST COMPANY N/A F/K/A THE BANK OF NEW YORK TRUST COMPANY NA SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK NA AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST 2005-I, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-I; WELLS FARGO BANK, N.A.**

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF SACRAMENTO   )

I, Beverley Tomlin-Hill, declare:

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 980 9th Street, Suite 2350, Sacramento, California 95814-2716.

On July 27, 2016, I served the document(s) described as: **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐ **BY MAIL**: as follows:

  ☐ **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY EXPRESS MAIL** as follows: I caused such envelope to be deposited in the U.S. Mail at Sacramento, California. The envelope was mailed with Express Mail postage thereon fully prepaid.

☒ **BY ELECTRONIC ACCESS** Pursuant to the Federal Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the McKinley, et al. v. CitiMortgage, Inc., et al. website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☐ **STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **FEDERAL**   I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on July 27, 2016, at Sacramento, California.

*/s/ Beverley Tomlin-Hill*
Beverley Tomlin-Hill

2471964.1

**SERVICE LIST**
**MONTEFORTE, et al. v. THE BANK OF NEW YORK MELLON, et al.**
**W&W File No. 1641-043**
**[Revised: 07/05/16]**

Michael J. Yesk
Attorney at Law
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523

Attorneys for Plaintiffs

Tel: (925) 849-5525
Fax: (925) 887-6642
Email: yesklaw@gmail.com

2471964.1