UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LAWRENCE P. MONTEFORTE, MICHELLE R. MONTEFORTE, EN K. CU, and SEN VAN NGUYEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY NA formerly known as THE BANK OF NEW YORK TRUST COMPANY NA as successor in interest to JP MORGAN CHASE BANK NA as trustee for MASTER ADJUSTABLE RATE MORTGAGES TRUST 2005-1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-1; WELLS FARGO BANK, NA; CLEAR RECON CORP.; and DOES 1 through 100 inclusive,<br><br>    Defendants. | CIV. NO. 2:16-1675 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiffs Lawrence Monteforte, Michelle Monteforte, En Cu, and Sen Nguyen (collectively "plaintiffs") brought this

1

action against defendants the Bank of New York Mellon Trust Company, Wells Fargo Bank, and Clear Recon Corp. (collectively "defendants"), alleging wrongful foreclosure, breach of contract, and slander of title in connection with defendants' initiation of foreclosure proceedings against them.  (Notice of Removal Ex. A, Compl. (Docket No. 1).)  Presently before the court is defendants' Motion to dismiss plaintiffs' Complaint.  (Defs.' Mot. (Docket No. 4).)

I.   Factual and Procedural Background

In November 2004, plaintiffs Nguyen and Cu[1] recorded a deed of trust ("DOT") in favor of National City Mortgage for real property located in Stockton, CA ("subject property").  (Compl. ¶¶ 7, 13.)

Plaintiffs allege that shortly after the DOT was recorded, National City Mortgage attempted to sell its interest in the DOT to JP Morgan Chase Bank NA ("Chase") pursuant to a Pooling and Servicing Agreement ("PSA").[2]  (Id. ¶ 14.)  The Bank

---

[1] Plaintiffs Nguyen and Cu are the borrowers in this action.  (Compl. ¶ 7.)  Plaintiffs Lawrence and Michelle Monteforte are successors to a 95% interest in the subject property; Nguyen and Cu retain a 5% interest.  (Id. ¶ 8.)

[2] PSAs are agreements that govern trusts that pool mortgages together to form marketable securities (i.e., mortgage-backed securities).  See What is a Pooling and Servicing Agreement (PSA) in the Mortgage Industry?, http://www.nolo.com/legal-encyclopedia/what-pooling-servicing-agreement-psa-the-mortgage-industry.html (last visited Oct. 10, 2016).  Chase, and later the Bank of New York Mellon, was trustee to a mortgage-backed securities trust to which National City Mortgage tried to sell the DOT.  (See Compl. ¶ 14.)  The PSA and mortgage-backed trust in this case were "formed under the laws of the state of New York."  (Id. ¶ 15.)

2

of New York Mellon is successor to Chase's interest in the DOT. (Id.)

Plaintiffs allege that transfer of the DOT from National City Mortgage to Chase, and by extension the Bank of New York Mellon, never took place because National City Mortgage did not deliver certain documents--including the loan note, the recorded DOT, and documentation of the assignment--to Chase within ninety days after execution of the PSA, as the PSA required. (Id. ¶ 17.) Wells Fargo, successor to National City Mortgage's interest in the DOT, allegedly did not attempt to transfer the DOT to the Bank of New York Mellon until May 23, 2014, nearly ten years after the PSA's transfer deadline had passed. (Id. ¶ 19.) The attempted transfer in 2014, according to plaintiffs, is void under the PSA. (Id. ¶ 23.)

Later in 2014, the Bank of New York Mellon authorized its foreclosure representative, Clear Recon, to record notices of default and sale of the subject property against plaintiffs. (Id. ¶¶ 20-21.) Plaintiffs do not allege that they are not in default on the DOT. (Defs.' Mot., Mem. at 8 (Docket No. 5).) Instead, they argue that the Bank of New York Mellon's initiation of foreclosure proceedings against them is unlawful because the Bank does not hold any beneficial interest in the DOT. (Compl. ¶ 22.)

On October 8, 2015, plaintiffs brought the present action against defendants, alleging: (1) wrongful foreclosure, Cal. Civ. Code § 2924; (2) breach of express agreement; (3) breach of the implied duty of good faith; (4) slander of title; and (5) unlawful recording of notice of default, Cal. Civ. Code

§§ 2923.5, 2934a.  (Id. at 6-17.)  Defendants removed the action to this court on July 20, 2016.  (Notice of Removal.)  Presently before the court is defendants' Motion to dismiss plaintiffs' Complaint in its entirety.  (Defs.' Mot.)

II.  Legal Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ."  Twombly, 550 U.S. at 555 (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

III. Discussion

    A.    Plaintiffs Fail to Allege Standing for their Wrongful Foreclosure Claim

California Civil Code section 2924 states: "No entity

4

shall . . . initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." Cal. Civ. Code § 2924(a)(6). Plaintiffs allege that the Bank of New York Mellon does not hold any beneficial interest in the DOT because Wells Fargo's attempt to transfer the DOT to the Bank in 2014 was void under the PSA. (See Compl. ¶¶ 23, 33.) On that basis, plaintiffs bring a wrongful foreclosure claim against the Bank of New York Mellon and its foreclosure representative, Clear Recon. (Id. ¶ 33.)

Defendants correctly note, however, that "California courts do not allow . . . preemptive suits" in the housing foreclosure context. Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 814 (4th Dist. 2016), review denied (July 13, 2016); see also Kan v. Guild Mortg. Co., 230 Cal. App. 4th 736, 743 (2d Dist. 2014) ("[A] preforeclosure, preemptive action is not authorized by [California's] foreclosure statutes."), as modified (Oct. 15, 2014), review denied (Jan. 28, 2015). Under California law, borrowers must wait until after a foreclosure has taken place to bring a wrongful foreclosure claim. See Saterbak, 245 Cal. App. 4th at 814 (a "borrower seeking remedies for wrongful foreclosure" may not "bring[] a preforeclosure suit challenging Defendant's ability to foreclose"); Kan, 230 Cal. App. 4th at 743 (holding the same). The California Supreme Court recently affirmed that rule in Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016), where it expressed approval of lower appellate cases that declined to find borrower standing in

5

preforeclosure suits.[3]  See id. at 941.

Here, plaintiffs do not allege that sale of the subject property has actually taken place.  They merely allege that they may "potentially los[e] legal title to their property based on" defendants' recording of notices of default and sale against them.  (Compl. ¶ 66.)  Accordingly, plaintiffs have not alleged standing to bring a wrongful foreclosure claim under California law.

### B. Plaintiffs Fail to Plausibly Allege Breach of Express Agreement

Plaintiffs allege that the Bank of New York Mellon breached the DOT by initiating foreclosure on the subject property.  (Compl. ¶ 40.)  According to plaintiffs, the DOT "provides that only the Lender or Trustee could execute a valid notice of default."  (Id. ¶ 41.)  Because the DOT does not name the Bank of New York Mellon as lender and no valid transfer of the DOT occurred, according to plaintiffs, the Bank breached the DOT by initiating foreclosure.

That argument is problematic for at least two reasons. First, the DOT provision that plaintiffs appear to be directing

---

[3] In Yvanova, a lender argued that Glaski v. Bank of Am., Nat'l Ass'n, 218 Cal. App. 4th 1079 (5th Dist. 2013), which found that a borrower had standing to challenge a lender's initiation of foreclosure proceedings, was wrongly decided by citing Kan, 230 Cal. App. 4th 736, which declined to find borrower standing in similar circumstances.  Yvanova, 62 Cal. 4th at 941.  The Yvanova court distinguished Kan from Glaski by noting that Kan was a "preforeclosure action" whereas Glaski was a postforeclosure action and upheld Glaski's result.  Id.  The implication there was that postforeclosure actions are allowed while preforeclosure actions are not.

the court's attention to[4] does not actually state that "only the Lender or Trustee" may initiate foreclosure. It merely states that "after Trustee or Lender duly records a notice of default, the Trustee, Lender or other person authorized to take the sale will give a notice of sale as required by law and will cause the Property to be sold." (Notice of Removal Ex. B, Deed of Trust § 9.) Second, plaintiffs allege that the Bank of New York Mellon is not a party to the DOT. (Compl. ¶ 40.) The Bank cannot breach the DOT if it is not a party to it. Accordingly, plaintiffs have not plausibly alleged that the Bank of New York Mellon breached the DOT.

Plaintiffs also allege that Wells Fargo and the Bank of New York Mellon breached the PSA when they attempted to effect transfer of the DOT ten years after the PSA's transfer deadline had passed. (Id. ¶ 46.) Though plaintiffs are not express parties to the PSA, they "allege that they are [entitled to relief as] third-party beneficiaries under [the] PSA." (Id. ¶ 44.) Plaintiffs do not allege any facts supporting that conclusion.[5] The Complaint merely states that defendants entered into the PSA and attempted to transfer the DOT pursuant to that

---

[4] Plaintiffs purport to quote "Section 22 of [their] Deed of Trust." (Compl. ¶ 34.) That section is left blank and does not state what plaintiffs say it states. Section 9 appears to be the relevant clause on default and foreclosure.

[5] Determining "[w]hether [a] third party is an intended beneficiary [under California law] . . . involves construction of the intention of the parties, gathered from reading the contract as a whole in light of the circumstances under which it was entered." Prouty v. Gores Tech. Grp., 121 Cal. App. 4th 1225, 1233 (3d Dist. 2004).

1  agreement.  (See id. ¶¶ 14-15.)  Plaintiffs neither supply the
2  court with a copy of the PSA nor allege any facts indicating that
3  the PSA was intended for their benefit.  "[C]onclusory
4  statements, do not suffice" to state a plausible claim.
5  Ashcroft, 556 U.S. at 678.  Because plaintiffs conclude without
6  alleging facts indicating they are entitled to relief under the
7  PSA, the court must dismiss their breach of PSA claim as well.

      C.    <u>Plaintiffs Fail to Plausibly Allege Breach of the Implied Duty of Good Faith</u>

10       Under California law, the implied duty of good faith
11  and fair dealing "imposes upon each contracting party the duty to
12  refrain from doing anything which would render performance of the
13  contract impossible" for the other party.  Apr. Enterprises, Inc.
14  v. KTTV, 147 Cal. App. 3d 805, 816 (2d Dist. 1983) (citing Harm
15  v. Frasher, 181 Cal. App. 2d 405, 417 (4th Dist. 1960)).
16  Plaintiffs allege that "Defendants breached the implied duty of
17  good faith and fair dealing . . . by obscuring the identity of
18  the true holder of beneficial interest under the Deed of Trust,
19  and making it impossible for Plaintiffs to know who to make their
20  mortgage payments to."  (Compl. ¶¶ 53-54.)

21       Plaintiffs have not plausibly alleged that defendants
22  have made it "impossible" for them to know who to make mortgage
23  payments to.  Plaintiffs state, repeatedly and throughout the
24  Complaint, that the attempted transfer between Wells Fargo and
25  the Bank of New York Mellon in 2014 was invalid because the PSA
26  required the transfer to take place ten years prior to that
27  point.  (See id. ¶¶ 27-28, 61.)  Thus, plaintiffs are aware of
28  and have an opinion as to who the current holder of the

8

beneficial interest of the DOT may be.  That they may disagree with defendants as to who the holder of the interest is does not mean that defendants have made it "impossible" for them to know who it is.  Accordingly, plaintiffs have failed to state a plausible claim for breach of the implied duty of good faith.

### D. Plaintiffs Fail to Plausibly Allege Slander of Title

Under California law, slander of title "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss." Truck Ins. Exch. v. Bennett, 53 Cal. App. 4th 75, 84 (2d Dist. 1997) (citing Stalberg v. W. Title Ins. Co., 27 Cal. App. 4th 925, 929 (6th Dist. 1994)).  "The false statement must be 'maliciously made with the intent to defame.'"  Cyr v. McGovran, 206 Cal. App. 4th 645, 651 (2d Dist. 2012) (quoting Howard v. Schaniel, 113 Cal. App. 3d 256, 263 (4th Dist. 1980)).

Plaintiffs allege that "Defendants published a false statement that disparaged Plaintiffs' title to the Subject Property when they recorded, and/or caused to be recorded a void Notice of Default and a void Notice of Sale against the Property." (Compl. ¶ 60.)  Plaintiffs allege pecuniary loss in the form of having "to retain attorneys and to bring this action to cancel the instruments casting doubt on Plaintiffs' title." (Id. ¶ 68.)

Plaintiffs have not alleged that the notices are false in the relevant sense, however.  To the extent the notices of default and sale disparage plaintiffs' title to the subject property, they do so by asserting that plaintiffs are in default on the DOT.  Plaintiffs do not allege they are not actually in

default on the DOT.  That the notices may wrongly identify the
Bank of New York Mellon as holder of the beneficial interest on
the DOT does not, in itself, disparage plaintiffs' title to the
subject property.  Because plaintiffs have not alleged "a false
statement that disparages title to property," they have not
stated a claim for slander of title based on defendants'
recording of the notices.

          Plaintiffs further allege that defendants slandered title to their property by recording "false and void assignments" that led Plaintiffs to "ma[ke] payments not credited to their account to an entity that was not the true holder of beneficial interest under their Deed of Trust."  (Id. ¶¶ 63, 66.)  That allegation also fails to constitute a claim for slander of title because even if defendants' assignments were void, the assignments do not, in themselves, cast any doubt on plaintiffs' title.  The assignments concern the beneficial interest on plaintiffs' DOT, not title to the subject property.  Accordingly, plaintiffs have not plausibly alleged slander of title based on defendants' recording of assignments.

    E.    <u>Plaintiffs Fail to Plausibly Allege Unlawful Recording of Notice of Default</u>

        Finally, plaintiffs allege that the Bank of New York Mellon and Clear Recon violated sections 2923.5 and 2934a of the California Civil Code when they recorded notice of default against them.  (Id. ¶ 70.)

        According to plaintiffs, section 2923.5 provides that only the "mortgagee, trustee, beneficiary, or authorized agent" may record a notice of default.  Because the Bank of New York

10

Mellon and Clear Recon were never validly made "mortgagee, trustee, beneficiary, or authorized agent" to the DOT, plaintiffs argue, they violated section 2923.5 by recording notice of default.

As an initial matter, section 2923.5 does not actually state that only the "mortgagee, trustee, beneficiary, or authorized agent" may record notice of default.  It merely states that a "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default" until it has complied with certain notice and due diligence requirements. Cal. Civ. Code § 2923.5.  Nothing in section 2923.5 addresses the rights and duties of parties that are not "mortgage servicer[s], mortgagee[s], trustee[s], beneficiar[ies], or authorized agent[s]."

Plaintiffs allege throughout their Complaint that the Bank of New York Mellon and Clear Recon were never validly made parties to the DOT.  (See Compl. ¶ 23, 39-40, 46, 62.)  The Bank of New York Mellon and Clear Recon cannot violate section 2923.5's notice and due diligence requirements when they, according to plaintiffs, are not the "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" to the DOT. Accordingly, plaintiffs have failed to state a claim that the Bank of New York Mellon and Clear Recon violated section 2923.5.

With respect to section 2934a, plaintiffs argue that Clear Recon had no authority to record a notice of default because at the time it recorded notice, "it had not been properly substituted in as Trustee under the Deed of Trust."  (Id. ¶ 34.) That argument fails because section 2934a allows "substitution .

1    . . after a notice of default has been recorded," Cal. Civ. Code
2    § 2934a(c), and a party recording notice on behalf of another
3    need not be officially substituted at the time of recording, see
4    Ram v. OneWest Bank, FSB, 234 Cal. App. 4th 1, 13-14 (1st Dist.
5    2015) (foreclosure company may record notice of default prior to
6    being substituted as trustee).  Accordingly, plaintiffs' section
7    2934a argument fails as well.
8           For the reasons discussed above, the court will dismiss
9    each of plaintiffs' claims without prejudice.
10          IT IS THEREFORE ORDERED that defendants' Motion to
11   dismiss plaintiffs' Complaint be, and the same hereby is,
12   GRANTED.  Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE.
13          Plaintiffs have twenty days from the date this Order is
14   signed to file an amended complaint, if they can do so consistent
15   with this Order.
16   Dated:  November 14, 2016

     WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE