UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LAWRENCE P. MONTEFORTE, MICHELLE R. MONTEFORTE, EN K. CU, and SEN VAN NGUYEN,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY NA formerly known as THE BANK OF NEW YORK TRUST COMPANY NA as successor in interest to JP MORGAN CHASE BANK NA as trustee for MASTER ADJUSTABLE RATE MORTGAGES TRUST 2005-1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-1; WELLS FARGO BANK, NA; CLEAR RECON CORP.; and DOES 1 through 100 inclusive,<br><br>Defendants. | CIV. NO. 2:16-1675 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT |

----oo0oo----

Plaintiffs Lawrence Monteforte, Michelle Monteforte, En Cu, and Sen Nguyen (collectively "plaintiffs") brought this

1

action against defendants the Bank of New York Mellon Trust Company ("Bank of New York"), Wells Fargo Bank, and Clear Recon Corp. (collectively "defendants") based on defendants' initiation of foreclosure proceedings against them. (Notice of Removal Ex. A, Compl. (Docket No. 1).) After the court dismissed plaintiff's original Complaint, plaintiffs filed their First Amended Complaint asserting a single claim for "Cancellation of Instruments" under California Civil Code §§ 3412-3415, based on essentially the same facts as the original Complaint. Presently before the court is defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. (Docket No. 31.)

I.  Factual and Procedural Background

In November 2004, plaintiffs Nguyen and Cu[1] recorded a Deed of Trust in favor of National City Mortgage for real property located in Stockton, California. (FAC ¶¶ 2, 7, 13.) Plaintiffs allege that shortly after the Deed of Trust was recorded, National City Mortgage attempted to sell its interest in the Deed of Trust to JP Morgan Chase Bank NA ("Chase") pursuant to a Pooling and Servicing Agreement ("Pooling Agreement").[2] (Id. ¶ 14.) The Bank of New York, which is

---

[1] Plaintiffs Nguyen and Cu are the borrowers in this action. (FAC ¶ 7.) Plaintiffs Lawrence and Michelle Monteforte are successors to a 95% interest in the subject property; Nguyen and Cu retain a 5% interest. (Id. ¶ 8.)

[2] As explained in the court's prior opinion in this case, pooling and service agreements are agreements that govern trusts that pool mortgages together to form marketable securities (i.e., mortgage-backed securities). Chase, and later the Bank of New York Mellon, was trustee to a mortgage-backed securities trust to which National City Mortgage tried to sell the Deed of Trust. (See Compl. ¶ 14.) The Pooling Agreement and mortgage-backed

2

1  successor to Chase's interest in the Deed of Trust, initiated
2  foreclosure proceedings on the Deed of Trust in 2014 through its
3  foreclosure representative, Clear Recon.  (Id. ¶¶ 14, 20-21.)
4  Plaintiffs do not allege that they are not in default on the Deed
5  of Trust, and do not allege that the property has been sold.

6       Plaintiffs allege that transfer of the Deed of Trust
7  from National City Mortgage to Chase, and by extension the Bank
8  of New York, never took place because 1) National City Mortgage
9  did not deliver certain documents to Chase within ninety days
10 after execution of the Pooling Agreement, as the Pooling
11 Agreement required, and 2) no assignment of the Deed of Trust to
12 the pool was recorded until May 22, 2014, almost ten years after
13 the Pooling Agreement's transfer deadline had passed.  (Id. ¶¶
14 16-19.)  Thus, in their view, the attempted transfer is void
15 under the Pooling Agreement, and the initiation of foreclosure
16 proceedings against them is unlawful because the Bank of New York
17 does not hold any beneficial interest in the Deed of Trust.  (Id.
18 ¶¶ 22-23.)

## II. Legal Standard

20       On a motion to dismiss for failure to state a claim
21 under Rule 12(b)(6), the court must accept the allegations in the
22 pleadings as true and draw all reasonable inferences in favor of
23 the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
24 overruled on other grounds by Davis v. Scherer, 468 U.S. 183
25 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a

---

trust in this case were "formed under the laws of the state of New York."  (Id. ¶ 15.)

motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions," <u>Twombly</u>, 550 U.S. at 555 (citation omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

III. <u>Discussion</u>

Upon review of pleadings, the court finds that dismissal of plaintiffs' First Amended Complaint is appropriate on three independent bases.

First, plaintiffs do not have standing to challenge an assignment before a foreclosure sale has occurred. In <u>Yvanova v. New Century Mortgage Corp.</u>, 62 Cal. 4th 919 (2016), the California Supreme Court held that a borrower has standing to challenge an assignment of a deed of trust as void,[3] at least where a foreclosure sale has occurred. <u>Id.</u> at 941 ("When a property has been sold at a trustee's sale at the direction of an entity with no legal authority to do so, the borrower has suffered a cognizable injury."). However, the <u>Yvanova</u> court

---

[3] As explained by the California Supreme Court, a void transaction is without legal effect and cannot be ratified by the parties "even if they so desire," as the transaction is void ab initio. <u>Yvanova v. New Century Mortg. Corp.</u>, 62 Cal. 4th 919, 930, 936 (2016).

4

expressed no opinion as to whether a borrower has standing to challenge an assignment before a foreclosure sale has occurred. The California Court of Appeal in Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 815 (4th Dist. 2016), explained that Yvanova "is expressly limited to the post-foreclosure context," and held that post-Yvanova, borrowers have no standing to preemptively challenge a wrongful foreclosure based on an alleged defect in an assignment. As no foreclosure sale has occurred on the property at issue in this case, dismissal is appropriate on that basis.

Second, plaintiffs have no standing to challenge the assignment because they are not parties to the assignment. As explained by Saterbak, "Yvanova recognizes borrower standing only where the defect in the assignment renders the assignment void, rather than voidable," and "Yvanova expressly offers no opinion as to whether, under New York law, an untimely assignment to a securitized trust made after the trust's closing date is void or merely voidable." Id. Where a transaction is merely voidable, only the parties to the transaction may challenge any defects in the transaction. Yvanova, 62 Cal. 4th at 936.

Under New York law, an act in violation of a trust agreement renders an assignment not void, but voidable. See Rajamin v. Deutsche Bank Nat'l Tr. Co., 757 F.3d 79, 87-90 (2d Cir. 2014) (holding that "any failure to comply with the terms of the PSAs" did not render the acquisition of plaintiffs' mortgages void because, among other things, under New York law, unauthorized acts by trustees are not void but voidable); In Re Turner, 859 F.3d 1145 (9th Cir. 2017) (affirming dismissal of

5

wrongful foreclosure claim challenging assignment of deed of trust because any failure to comply with pooling agreement's deadline rendered transfer voidable but not void, applying New York and California law and citing Rajamin and Saterbak); Saterbak, 245 Cal. App. 4th at 815 (under New York law, untimely assignment to a securitized trust made after trust's closing date was merely void, and thus borrower had no standing to challenge assignment, citing Rajamin).[4] Accordingly, plaintiffs in this case, who are not parties to the assignment, have no standing to challenge the assignment and subsequent foreclosure based on any alleged defects in the assignment. Thus, dismissal is appropriate on this second basis.

Third, plaintiffs' cancellation of instruments claim fails because they have not properly alleged that the assignment caused them the requisite injury under the statute. A borrower seeking to cancel an assignment under California Civil Code §

---

[4] Plaintiffs argue that Rajamin and Saterbak were wrongly decided, citing New York Estates, Powers and Trust Law § 7-2.4, which states that a "sale, conveyance or other act of the trustee in convention of the trust . . . is void," and Glaski v. Bank of America, National Association, 218 Cal. App. 4th 1079 (5th Dist. 2013). However, plaintiffs do not address the Ninth Circuit's recent decision in In re Turner, 859 F.3d at 1149. Even assuming plaintiffs are correct that Rajamin and Saterbak (and by implication, In re Turner) were wrongly decided as a matter of statutory interpretation, this court remains bound by the Ninth Circuit's interpretation in In re Turner. Accord Johnson v. Barlow, Civ. No. 06-1150 WBS GG, 2007 WL 1723617, at *3 (E.D. Cal. June 11, 2007) (noting that the Ninth Circuit had predicted how the California Supreme Court would rule on an issue, and "barring a clear holding to the contrary by California's highest court, it is not this court's prerogative to second guess that conclusion," notwithstanding a conflicting California Court of Appeal decision) (citing Dimidowich v. Bell & Howell, 803 F.2d 1473, 1482 (9th Cir. 1986)).

3412 must allege that the assignment could cause that borrower serious injury.[5] As explained by Saterbak, an assignment causes no serious injury if a borrower's obligations remained unchanged after the assignment, even if she faces the possibility of losing her home or harm to her credit based on a subsequent foreclosure, as that harm is caused by her default, not the assignment. 245 Cal. App. 4th at 818-20. Here, plaintiffs cannot and have not alleged serious injury under Section 3412, because their obligations remained the same after the assignment, meaning the harm they allege is the harm caused by their default, not by the assignment. Thus, dismissal is appropriate on this third basis.[6]

The decision to grant leave to amend the pleadings is within the sound discretion of the district court. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185-86 (9th Cir. 1987). When granting a defendant's motion to dismiss, the court need not give the plaintiff leave to amend the complaint if it "determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002). Here,

---

[5] California Civil Code § 3412 states that "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

[6] The court expresses no opinion as to defendants' other arguments raised in support of their motion to dismiss.

7

the court cannot perceive how plaintiffs could amend their complaint to state any viable claim challenging the pending foreclosure proceedings against them.  Even assuming plaintiffs waited until after the property was sold to bring an amended complaint, they have no standing to challenge any defects in the assignment because the defects at most rendered the assignment voidable.  Thus, any amendment would be futile and the court will not grant leave to amend.

      IT IS THEREFORE ORDERED that defendants' Motion to Dismiss Plaintiffs' First Amended Complaint be, and the same hereby is, GRANTED, without leave to amend.  Plaintiffs' First Amended Complaint is DISMISSED WITH PREJUDICE.

Dated: September 7, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE